## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

### CASE NO. _____

| | |
|---|---|
| MUSEUM OF SELFIES INC., a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>MIAMI SELFIE, LLC, a Florida Limited Liability Company; SELFIE MUSEUM, LLC, a Colorado limited liability company; OLEKSII KURYLIN, an individual; ANDRII BUTENKO, an individual; IGOR BENCHAK, an individual; and MARY ECKHOUT, an individual,<br><br>        Defendants. | COMPLAINT FOR:<br><br>1.  FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114(1)];<br><br>2.  FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];<br><br>3.  FALSE SPONSORSHIP [15 U.S.C. § 1125(a)];<br><br>4.  PASSING OFF [15 U.S.C. § 1125(a)];<br><br>5.  COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT;<br><br>6.  FLORIDA UNFAIR COMPETITION PURSUANT TO FDUTPA § 501.201 ET SEQ<br><br>7.  CONTRIBUTORY TRADEMARK INFRINGEMENT<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Museum of Selfies Inc. ("Plaintiff") hereby complains against Defendants Miami Selfie, LLC, Selfie Museum, LLC, Oleksii Kurylin, Andrii Butenko, Igor Benchak, and Mary Eckhout, (collectively, "Defendants") and alleges as follows:

### Parties

1.      Plaintiff is a corporation organized and existing under the laws of the State of California, having its principal place of business at 6757 Hollywood Blvd., Los Angeles, CA 90028.

2. Upon information and belief, Defendant Miami Selfie, LLC. (hereinafter "Defendant Miami Selfie") is a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business at 179 NW 25th St., Miami, FL 33127.

3. Upon information and belief, Defendant Selfie Museum, LLC. (hereinafter "Defendant Selfie Museum") is a limited liability company organized and existing under the laws of the State of Colorado, having its principal place of business at 1531 Stout St., Denver, CO 80202.

4. Upon information and belief, Defendant Oleksii Kurylin (hereinafter "Defendant Kurylin") is an individual residing in the State of Colorado and is a manager of Defendant Miami Selfie and co-founder of Defendant Selfie Museum, LLC.

5. Upon information and belief, Defendant Igor Benchak (hereinafter "Defendant Benchak") is an individual residing in the State of Colorado and is a manager of Defendant Miami Selfie and co-founder of Defendant Selfie Museum, LLC.

6. Upon information and belief, Defendant Andrii Butenko (hereinafter "Defendant Butenko") is an individual residing in the State of North Carolina and is a manager of Defendant Miami Selfie and its registered agent.

7. Upon information and belief, Defendant Mary Eckhout (hereinafter "Defendant Eckhout") is an individual residing in the State of Colorado and is a co-founder of Defendant Selfie Museum, LLC.

## Jurisdiction and Venue

8. This Court has jurisdiction under 28 U.S.C. § 1338(a) as this action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1125(a), as well as under supplemental jurisdiction under 28 U.S.C. § 1367 over the related State Law claims.

9.      Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant Miami Selfie because it is domiciled, has extensive contacts with, and conducts business within, the State of Florida and this judicial district; Defendant Miami Selfie has caused its services to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant Miami Selfie's contacts with this judicial district.

10.     Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant Selfie Museum because it is has extensive contacts with, and directs and conducts business within, the State of Florida and this judicial district; Defendant Selfie Museum has licensed the use of its alleged trademark rights in "SELFIE MUSEUM" and/or "ORIGINAL SELFIE MUSEUM" in this judicial district to Defendant Miami Selfie; the causes of action asserted in this Complaint arise out of Defendant Selfie Museum's contacts with this judicial district.

11.     This Court has personal jurisdiction over Defendant Kurylin because, upon information and belief, Defendant Kurylin personally authorized and directed Defendant Miami Selfie's and Defendant Selfie Museum's infringing activities in this judicial district as alleged below.

12.     This Court has personal jurisdiction over Defendant Benchak because, upon information and belief, Defendant Benchak personally authorized and directed Defendant Miami Selfie's and Defendant Selfie Museum's infringing activities in this judicial district as alleged below.

13.     This Court has personal jurisdiction over Defendant Butenko because, upon information and belief, Defendant Butenko personally authorized and directed Defendant Miami Selfie's infringing activities in this judicial district as alleged below.

14.     This Court has personal jurisdiction over Defendant Eckhout because, upon information and belief, Defendant Eckhout authorized and directed Defendant Selfie Museum's infringing activities in this judicial district as alleged below.

15.     Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(2) because this judicial district is where Defendant Miami Selfie Museum resides and the judicial district in which a substantial part of the events or omissions occurred as a result of Defendants infringing activities that cause harm within this district. Defendants have also advertised, offered for sale, and made sales and/or sold infringing serving to consumers in Florida.

<u>FACTUAL BACKGROUND</u>

16.     Plaintiff was founded on or about April 1, 2018 with the goal of providing fresh and must-see attractions, including interactive exhibits allowing people to capture "selfies" of themselves with commissioned artwork.

17.     For over the past three and a half years, from at least April 1, 2018 to the present, Plaintiff has acquired rights to and continuously used in interstate commerce the designation MUSEUM OF SELFIES (hereinafter, "the Museum of Selfies Mark") in connection with museums, museum services, and art exhibitions.

18.     Plaintiff has invested substantial time, money and resources promoting and marketing its exhibits through use of the Museum of Selfies Mark on its various websites (e.g., https://selfievegas.com) and through social media platforms such as Facebook, Instagram, TikTok, and Twitter.  As a result of Plaintiff's promotional efforts, the consuming public has come to know,

rely upon, and recognize Plaintiff as the exclusive source of museum(s), museum services, and art exhibits bearing the Museum of Selfies Mark.  The Museum of Selfies Mark has achieved a distinctive and valuable reputation and garnered goodwill amongst consumers.  As a result, the Museum of Selfies Mark is a reputable name in the museum industry and is entitled to protection under Federal and Florida laws.

19.     Plaintiff's museum(s), museum services, and art exhibits have received numerous forms of unsolicited media coverage from well-recognized publications with millions of subscribers and/or readers, such as The Wall Street Journal, The Los Angeles Times, American Way, National Geographic, and Thrillist. These articles cover the opening of Plaintiff's museum(s), museum services, and art exhibits, reviews of them, including in particular their expansion in Las Vegas.

20.     On August 21, 2017, Plaintiff filed a trademark application for "MUSEUM OF SELFIES" on the Supplemental Register of the United States Patent and Trademark Office ("USPTO").  On August 21, 2018, the Museum of Selfies Mark was registered to the Supplemental Register.  Attached hereto as **Exhibit 1** is a true and correct copy of the August 21, 2017 trademark application for "MUSEUM OF SELFIES."

21.     On October 8, 2020, Plaintiff filed a trademark application for "MUSEUM OF SELFIES" on the Principal Register of the United States Patent and Trademark Office.  Attached hereto as **Exhibit 2** is a true and correct copy of the October 8, 2020 trademark application for "MUSEUM OF SELFIES."

22.     On August 26, 2021 the USPTO provided notice to Plaintiff that it determined the Museum of Selfies Mark was entitled to publication on the Principal Register.  Attached hereto as **Exhibit 6** is a true and correct copy of the Notice of Publication.

23.     Plaintiff is informed and believes that Defendant Selfie Museum is a provider of museums, museum services, and art exhibitions.

24.     Plaintiff is informed and believes that Defendants have known about Plaintiff's Museum of Selfies Mark at least as early as October 13, 2021, when Defendant Selfie Museum filed a request to extend time to oppose Plaintiff's Museum of Selfies Mark's registration on the Principal Register.

25.     Plaintiff is informed and believes that Defendants filed a Notice of Opposition to the Museum of Selfies Mark on or about January 12, 2022 (Opposition No. 91273935) ("Opposition"). Defendants alleged in the Opposition that the Museum of Selfies Mark "has not acquired distinctiveness and is instead merely descriptive of [Plaintiff's] Services."  Attached as **Exhibit 5** is a true and correct copy of the Notice of Opposition.

26.     Plaintiff is informed and believes that Defendant Selfie Museum did not open to the public until well over a year after Plaintiff opened its first location in in 2018 according to a September 5, 2019 article by 303 Magazine entitled "The Selfie Museum Opened Its First Location in Denver."

27.     Upon information and belief, Defendant Selfie Museum filed trademark applications for the following trademarks: (a) "SELFIE MUSEUM" (Class 35) on or about March 16, 2021 (now subject to an office action); and (b) "ORIGINAL SELFIE MUSEUM" (Class 41) on or about September 22, 2021 (collectively, "Selfie Museum Trademark Applications").

28.     Upon information and belief, Defendants have intentionally copied the Museum of Selfies Mark by using the "SELFIE MUSEUM" name for art exhibitions in at least Denver, Seattle, and Miami and other locations as shown below:



29.     Upon information and belief Defendant Selfie Museum directly operates the locations in Seattle, Washington and Denver, Colorado, and Raleigh North Carolina.

30.     Upon information and belief, Defendant Selfie Museum licenses its purported rights to the Selfie Museum Trademark Applications to Defendant Miami Selfie.

31.     Upon information and belief, Defendant Selfie Museum licenses its purported rights to the Selfie Museum Trademark Applications to other locations including:  Austin Selfie LLC in Austin, Texas, which is managed by Igor Benchak and Margaryta Schwery and (b) locations in Atlanta, Georgia; and Alpharetta, Georgia (collectively, "Selfie Museum Licensees").

32.     Upon information and belief, Defendants have directly, contributorily, or vicariously copied Plaintiff's art exhibition concepts, further demonstrating their awareness of Plaintiff's Museum of Selfies Mark:



**Plaintiff's Museum of Selfies (left, Ex. 3) and Defendants' Selfie Museum (right, Ex. 4)**



**Plaintiff's Museum of Selfies (left, Ex. 3) and Defendants' Selfie Museum (right, Ex. 4)**



**Plaintiff's Museum of Selfies (left, Ex. 3) and Defendants' Selfie Museum (right, Ex. 3)**



**Plaintiff's Museum of Selfies (left, Ex. 3) and Defendants' Selfie Museum (right, Ex. 4)**

33.     Defendants have directly and contributorily marketed and provided museum(s), museum services, and art exhibits using the "SELFIE MUSEUM" name, which causes a likelihood

of confusion with Plaintiff's museum(s), museum services, and art exhibits bearing the Museum of Selfies Mark.

34.     As a result of Defendants' continued direct and contributory use of the "SELFIE MUSEUM" name that infringes Plaintiff's Museum of Selfies Mark, Defendants have caused Plaintiff financial harm in the form of lost sales in addition to causing irreparable damage to Plaintiff's goodwill, reputation, and investment in the Museum of Selfies Mark.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement of Registered Mark Under 15 U.S.C. § 1114(1))

35.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-34, inclusive as though fully set forth herein.

36.     Plaintiff is the owner of the following trademark registration:

| Registration | Mark | Date of Registration |
|---|---|---|
| 5547655 | MUSEUM OF SELFIES | August 21, 2018 |

37.     Plaintiff first used the Museum of Selfies Mark on April 1, 2018 and has continuously used the Museum of Selfies Mark since that time and expanded upon its use through several locations in the United States.

38.     The Museum of Selfies Mark is valid and protectable because Plaintiff has expended time, effort, and money promoting its museum, museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."  Evidence of "secondary meaning" includes evidence submitted to the USPTO that resulted in the USPTO's

notice to Plaintiff that it determined the Museum of Selfies Mark was entitled to publication on the Principal Register on August 26, 2021.

39.     Upon information and belief, Defendants have used the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in intrastate and interstate commerce in connection with museums, museum services, and art exhibits after Plaintiff's date of first use and without the consent of Plaintiff.

40.     Upon information and belief, Defendants Kurylin, Benchak, Butenko, and Eckhout have directly authorized and directed Defendant Miami Selfie's and Defendant Selfie Museum's infringing activities despite knowing of Plaintiff's rights.

41.     Defendants' unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendants; (b) the affiliation, connection, and association of Plaintiff with Defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

42.     Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

43.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

44.     Defendants' foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Defendants in performing the conduct

complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

45.     Unless restrained, Defendants will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Defendants' conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against the Defendants for their misconduct.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition by False Designation of Origin

### Under 15 U.S.C. § 1125(a))

46.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-45, inclusive as though fully set forth herein.

47.     Plaintiff is the owner of the valid and protectable Museum of Selfies Mark because Plaintiff has expended time, effort, and money promoting its museum(s), museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

48.     Defendants' unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark as described hereinabove is a false designation of origin, and/or a false description or representation, and as such is likely to cause confusion, to cause mistake, to deceive the public as to the affiliation of

12

Defendant Selfie Museum with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' museum(s), museum services, and art exhibits by Plaintiff. Upon information and belief, such use has misled and deceived, and will continue to mislead and deceive, consumers into believing that Defendants' "SELFIE MUSEUM" services and products are associated with, authorized, sponsored, or controlled by Plaintiff.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

49.    By Defendants' acts as alleged herein, Defendants have falsely designated and represented services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the goodwill of Plaintiff to promote Defendants' own museum(s), and/or sell museum services and art exhibits and have otherwise competed unfairly with Plaintiff.

50.    Upon information and belief, Defendants Kurylin, Benchak, Butenko, and Eckhout have directly authorized and directed Defendant Miami Selfie's and Defendant Selfie Museum's activities despite knowing of Plaintiff's rights.

51.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

52.    Defendants' foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Defendants in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

53.    Unless restrained, Defendants will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate

13

for the injury to Plaintiff's business reputation, goodwill, and customer base, and Defendants' conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against the Defendants for their misconduct.

## THIRD CLAIM FOR RELIEF

### (False Endorsement Under Lanham Act 15 U.S.C. §1125(a))

54.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-53, inclusive as though fully set forth herein.

55.     Plaintiff is the owner of the valid and protectable Museum of Selfies because Plaintiff has expended time, effort, and money promoting its museum(s), museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

56.     Defendants have by their conduct complained of above, attempted to misappropriate Plaintiff's Museum of Selfies Mark and to deceive the public into believing that their own museum(s), museum services, and art exhibits is/are either endorsed by Plaintiff, is/are provided by Plaintiff, or that Defendants are now entitled to the goodwill Plaintiff has built in the Museum of Selfies Mark.

57.     Upon information and belief, Defendants Kurylin, Benchak, Butenko, and Eckhout have directly authorized and directed Defendant Miami Selfie's and Defendant Selfie Museum's activities despite knowing of Plaintiff's rights.

58.     As a result of Defendants' unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark, Defendants

14

have created a "false endorsement" in violation of 15 U.S.C. §1125(a)(1)(A).  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

59.     As a result of Defendants' improper "false endorsement" activities, Defendants are profiting, with minimal costs to themselves, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.

60.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

61.     Defendants' foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Defendants in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

62.     Unless restrained, Defendants will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Defendants' conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against the Defendants for their misconduct.

## FOURTH CLAIM FOR RELIEF

### (Passing Off Under Lanham Act 15 U.S.C. §1125(a) as to all Defendants)

63.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-62, inclusive as though fully set forth herein.

64.     Plaintiff is the owner of the valid and protectable Museum of Selfies Mark because Plaintiff has expended time, effort, and money promoting its museum(s), museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

65.     Defendants' use of the "SELFIE MUSEUM" name and/or deceptively and confusingly similar variations of the Museum of Selfies Mark constitutes passing off, infringement, and misappropriation of the Museum of Selfies Mark, in violation of 15 U.S.C. §1125(a).

66.     Upon information and belief, Defendants Kurylin, Benchak, Butenko, and Eckhout have directly authorized and directed Defendant Miami Selfie's and Defendant Selfie Museum's activities despite knowing of Plaintiff's rights.

67.     As a result of Defendants' "passing off", Defendants are profiting, with minimal costs to themselves, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

68.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

69.     Defendants' foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Defendants in performing the conduct

complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

70.    Unless restrained, Defendants will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Defendants' conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.  Accordingly, Plaintiff seeks injunctive relief against the Defendants for their misconduct.

## FIFTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement**

**and Unfair Competition as to all Defendants)**

71.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-70, inclusive as though fully set forth herein.

72.    Plaintiff is the owner of the valid and protectable Museum of Selfies Mark because Plaintiff has expended time, effort, and money promoting its museum(s), museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

73.    Defendants' actions and conduct as alleged herein constitute unfair competition under Florida common law.

74.     Upon information and belief, Defendants Kurylin, Benchak, Butenko, and Eckhout have directly authorized and directed Defendant Miami Selfie's and Defendant Selfie Museum's infringing activities despite knowing of Plaintiff's rights.

75.     Defendants' actions and conduct in adopting and using the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in Florida is likely to cause confusion, to cause mistake, and to deceive consumers as to the source of origin of MUSEUM OF SELFIES' museum(s), museum services, and art exhibits and constitutes trademark infringement under Florida common law.

76.     Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

77.     Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by Defendants' acts in violation of Florida common law, entitling Plaintiff to injunctive relief.

## SIXTH CLAIM FOR RELIEF

### (Violation of Florida's Deceptive and Unfair Trade Practices Act

### "FDUTPA", § 501.201 et seq. as to all Defendants)

78.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-77, inclusive as though fully set forth herein.

79.     This Court has the authority to remedy acts of trademark infringement unfair competition in violation of the statutory and common law of the State of Florida.

80.     Plaintiff is the owner of the valid and protectable Museum of Selfies Mark because Plaintiff also expended time, effort, and money promoting its museum(s), museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by

consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

81.     By virtue of Defendants' acts, Defendants have violated FDUTPA § 501.201, et seq.  By committing the acts herein alleged, Defendants made a representation, omission, or practice that is likely to mislead consumers (who were acting reasonably in the circumstances), to the consumer's detriment and to the detriment of Plaintiffs.

82.     Plaintiff suffered an injury in fact to a legally protected interest as a direct result of Defendants actions, and the deceptive or unfair trade practice caused actual damages or losses to the Plaintiff as alleged herein.

83.     Defendants' deceptive or unfair trade practice include the adoption of and use in commerce in the State of Florida the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in connection with Defendants' museum(s), museum services, and art exhibits, Defendants have unfairly appropriated the Museum of Selfies Mark in this District and the reputation and goodwill associated therewith. Upon information and belief, Defendant Kurylin and Defendant Eckhout have authorized and directed Defendant SELFIE MUSEUM's unfair competition.

84.     Defendants' use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark for museum(s), museum services, and art exhibits constitutes, constitute among other things, unfair competition, infringement of unregistered federal trademark, false designation of origin, false sponsorship, passing off the distinctive quality of the Museum of Selfies Mark, and infringement of common law trademarks, and injury to Plaintiff's reputation.  On information and belief, Plaintiff alleges that Defendants'

acts have been carried out in bad faith with full knowledge of Plaintiff's valuable rights in the Museum of Selfies Mark.

85.     Defendants' acts of unfair competition have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's Museum of Selfies Mark, as well as to Plaintiff's business goodwill, and reputation.  Defendants' actions, if not enjoined, will continue through the same channels of trade used by Plaintiff and to the same customers targeted by Plaintiff.  Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

86.     As a result of Defendants' acts of unfair competition, Plaintiff is entitled to actual damages in an amount to be proven at trial consisting of, among other things, actual diversion of its trade and diminution in the value of goodwill associated with the Museum of Selfies Mark, which entitles Plaintiff to damages.

## SEVENTH CLAIM FOR RELIEF

**(Contributory Trademark Infringement as to Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout)**

87.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-85, inclusive as though fully set forth herein.

88.     Plaintiff owns and first used the registered Museum of Selfies Mark on April 1, 2018 and has continuously used the Museum of Selfies Mark since that time and expanded upon its use through several locations in the United States.

89.     The Museum of Selfies Mark is valid and protectable because Plaintiff has expended time, effort, and money promoting its museum, museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a

designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

90.    Upon information and belief, the Defendant Miami Selfie and Selfie Museum Licensees' unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendants; (b) the affiliation, connection, and association of Plaintiff with Defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

91.    Upon information and belief, Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout intentionally induced Defendant Miami Selfie to commit infringement by supplying a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie whom they know is directly infringing Plaintiff's rights to the Museum of Selfies Mark.

92.    In the alternative, upon information and belief, Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout intentionally induced Defendant Miami Selfie and Selfie Museum Licensees to commit infringement by supplying a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie and Selfie Museum Licensees whom they have reason to know are directly infringing Plaintiff's rights to the Museum of Selfies Mark.

93.    Upon information and belief, such conduct has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

94.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

95.     Defendants' foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Defendants in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

96.     Unless restrained, Defendants will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Defendants' conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against the Defendants for their misconduct.

## EIGHTH CLAIM FOR RELIEF

### (Declaratory Judgment of Trademark Rights)

97.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-96, inclusive as though fully set forth herein.

98.     An actual and justiciable case and controversy exists between Plaintiff and Defendants as to whether the Museum of Selfies Mark has acquired secondary meaning based on Defendants' Opposition that alleges that the Museum of Selfies Mark "has not acquired distinctiveness and is instead merely descriptive of [Plaintiff's] Services."

99.     The Museum of Selfies Mark has acquired "secondary meaning" because Plaintiff has expended time, effort, and money promoting its museum, museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become

distinctive.  Evidence of "secondary meaning" includes evidence submitted to the USPTO that resulted in the USPTO's notice to Plaintiff that it determined the Museum of Selfies Mark was entitled to publication on the Principal Register on August 26, 2021.

100.    Thus, declaratory judgment that the Museum of Selfies Mark has acquired secondary meaning is appropriate.

101.    For all the foregoing reasons, Plaintiff is entitled to a declaration from this Court that Plaintiff has acquired secondary meaning in the Museum of Selfies Mark and is the exclusive owner of the Museum of Selfies Mark, and is entitled to a Declaratory Judgment containing declaring and decreeing Plaintiff's exclusive trademark rights in the Museum of Selfies Mark.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

A.    That Plaintiff has acquired secondary meaning in the Museum of Selfies Mark and is the exclusive owner of the Museum of Selfies Mark, and Plaintiff has exclusive trademark rights in the Museum of Selfies Mark;

B.    That Plaintiff be granted injunctive relief under 15 U.S.C. § 1116 *et seq.* (herein after the "Lanham Act"); FDUTPA § 501.201, *et seq.*; and federal law and Florida common law of trademark infringement and unfair competition; specifically, that Defendants and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other person acting in concert with them be enjoined from:

1.    directly and contributorily using the Museum of Selfies Mark, or any confusingly similar name to MUSEUM OF SELFIES, in connection with marketing, promotion, advertising, sale, or distribution of any services;

2.      directly and contributorily engaging in promotions of museum, museum services, or art exhibits having the words "SELFIE MUSEUM" in its name;

3.      directly and contributorily causing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation or distribution of museum, museum services, and art exhibits having the words "SELFIE MUSEUM" in its name;

C.      That Defendants file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

D.      That Defendants be adjudged to have violated 15 U.S.C. § 1114(1) and Florida Common Law by infringing the trademark "MUSEUM OF SELFIES";

E.      That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false designation of origin, false sponsorship, and passing off of services and/or products having "SELFIE MUSEUM" in the name of their services and/or products;

F.      The Defendants be adjudged to unlawfully and unfairly compete against Plaintiff under the laws of the State of Florida, FDUTPA § 501.201, *et seq*.;

G.      That Plaintiff be awarded Defendants' profits derived by reason of said acts, in the amount of $750,000, or an amount as proven at trial, as determined by said accounting;

H.      That such damages and profits be trebled and awarded to Plaintiff under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

I.      That Plaintiff be awarded actual damages in an amount sufficient to compensate it for the damage caused by Defendants' unfair competition.

J.      That Plaintiff be granted prejudgment and post judgment interest;

K.      That Plaintiff be granted costs and attorney's fees associated with the prosecution of this action; and

L.      That Plaintiff be granted such further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby exercises its right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demands a jury trial in accordance therewith.

DATED:  January 19, 2022

REINER & REINER, P.A.
DAVID P. REINER, II; FBN 416400
9100 So. Dadeland Boulevard, Ste. 901
Miami, Florida  33156-7815
Tel: 305.670.8282; Fax: 305.670.8989
dpr@reinerslaw.com
eservice@reinerslaw.com


By:
DAVID P REINER, II, ESQ.

*Pro Hac Pending:*
R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-777-8348
**Attorneys for Plaintiff,**
**Museum of Selfies, Inc.**