UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-20233-BLOOM/Otazo-Reyes**

MUSEUM OF SELFIES, INC.,

      Plaintiff,

v.

MIAMI SELFIE, LLC,
SELFIE MUSEUM, LLC,
OLEKSII KURYLIN,
ANDRII BUTENKO,
IGOR BENCHAK, and
MARY ECKHOUT,

      Defendants.

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendants Miami Selfie, LLC ("Miami Selfie"), Selfie Museum, LLC ("Selfie Museum"), Oleksii Kurylin ("Kurylin"), Andrii Butenko ("Butenko"), Igor Benchak ("Benchak"), and Mary Eckhout's ("Eckhout") (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint, ECF No. [28] ("Motion"). Plaintiff Museum of Selfies, Inc. ("Plaintiff") filed a Response in Opposition, ECF No. [30] ("Response"), to which Defendants filed a Reply, ECF No. [33] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part consistent with this Order.

## I.      BACKGROUND

Plaintiff filed its Complaint against Defendants on January 19, 2022. *See* ECF No. [1] ("Complaint"). According to the Complaint, Kurylin and Benchak are managers of Miami Selfie and co-founders of Selfie Museum. *See id.* ¶¶ 4, 5. Butenko is also a manager of Miami Selfie, and

Eckhout is a co-founder of Selfie Museum. *See id.* ¶¶ 6, 7. The Complaint asserts the following counts against Defendants: (1) Trademark Infringement of Registered Mark Under 15 U.S.C. § 1114(1)) ("Count I"); (2) Unfair Competition by False Designation of Origin Under 15 U.S.C. § 1125(a)) ("Count II"); (3) False Endorsement Under Lanham Act 15 U.S.C. § 1125(a)) ("Count III"); Passing Off Under Lanham Act 15 U.S.C. § 1125(a) as to all Defendants ("Count IV"); Common Law Trademark Infringement and Unfair Competition as to all Defendants ("Count V"); Violation of Florida's Deceptive and Unfair Trade Practices Act "FDUTPA", § 501.201 *et seq.* as to all Defendants ("Count VI"); Contributory Trademark Infringement as to Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout ("Count VII"); Declaratory Judgment of Trademark Rights ("Count VIII"). The basis for Plaintiff's claims is that Plaintiff is the owner of the Museum of Selfies Mark ("Mark"), and Defendants have intentionally copied the Mark by using the confusingly similar "SELFIE MUSEUM" name for art exhibitions and museum locations throughout the country. *See* ECF No. [1] ¶¶ 22, 28-31.

Defendants now seek to dismiss Plaintiff's Complaint. *See* ECF No. [28]. Defendants argue that (1) the Complaint is a shotgun pleading; (2) the Complaint fails to allege individual liability for trademark infringement; and (3) the Court does not have personal jurisdiction over Eckhout. *See* ECF No. [28]. Plaintiff responds that the Court should deny the Motion because (1) the Complaint is not a shotgun pleading; (2) the Complaint states a proper claim for individual liability for trademark infringement; and (3) the Court has personal jurisdiction over Eckhout. *See* ECF No. [30]. Plaintiff seeks, in the alternative, leave to amend the Complaint. *See id.* at 13.

## II.    LEGAL STANDARD

### a.  Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted)). Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

### b. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009)

("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### c. Personal Jurisdiction

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1388 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015). A defendant challenging personal

jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).

"Where . . . the defendant submits affidavit(s) to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see also Internet Sols. Corp.*, 557 F.3d at 1295; *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). If the defendant makes a sufficient showing of a lack of personal jurisdiction, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986). Conclusory statements, "although presented in the form of factual declarations, are in substance legal conclusions that do not trigger a duty for Plaintiffs to respond with evidence of their own supporting jurisdiction." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).

In addressing whether personal jurisdiction over a nonresident defendant exists, "[t]he district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). "[W]here the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Id.*

Furthermore, a court must conduct a two-part inquiry when deciding the issue of personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623 (11th Cir. 1996). First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied. *Sculptchair,* 94 F.3d at 626. Florida's long-arm statute recognizes two kinds of personal

jurisdiction over a nonresident defendant: general jurisdiction and specific jurisdiction. *See* Fla. Stat. §§ 48.193(1)-(2); *see also easyGroup Ltd. v. Skyscanner, Inc.*, No. 20-20062-CIV, 2020 WL 5500695, at *6 (S.D. Fla. Sept. 11, 2020). The Eleventh Circuit has held that the reach of Florida's long-arm statute is a question of state law, and that federal courts must adhere to the statutory constructions offered by the Florida Supreme Court and Florida's District Courts of Appeal. *See Louis Vuitton Malletier, S.A.*, 736 F.3d at 1352.

If the requirements of the long-arm statute are satisfied, under either general jurisdiction or specific jurisdiction, then the court must also consider the federal Due Process Clause. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250-51 (11th Cir. 2000). The court's analysis of the Due Process Clause depends on three factors: (1) defendant's purposeful availment of the forum state; (2) the cause of action arising out of the activities of which the defendant purposefully availed himself; and (3) reasonable foreseeability of the defendant being haled into court in the forum state. *See id.* (citing *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985)). In addition, the court must determine whether exercising jurisdiction will comport with traditional notions of fair play and substantial justice, meaning the court must balance: "(a) the burden on the defendant; (b) the forum state's interest in adjudicating the dispute; (c) the plaintiff's interest in obtaining convenient and effective relief; (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (e) the shared interest of the several states in furthering fundamental substantial social policies." *Id.* at 1251 (citing *Burger King, 4*71 U.S. at 466).

### III.    DISCUSSION

#### a.    Shotgun Pleading

Defendants argue that the Complaint is a shotgun pleading because it fails to separate into a different count each claim for relief as to each Defendant and instead indiscriminately "lumps" all Defendants together. *See* ECF No. [28] at 4-6. Plaintiff responds that the consolidation of factual allegations does not deprive Defendants of adequate notice of the claims against them and the grounds upon which each claim rests. *See* ECF No. [30] at 9-10. According to Plaintiff, the trademark infringement claims and unfair competition claims revolve around the same core nucleus of facts, thus permitting overlapping allegations as to all Defendants. *See id.* at 9. Plaintiff submits that even if some consolidated allegations are imperfect, the Complaint still provides sufficient notice of the claims against Defendants. *See id.* at 10.

The Court agrees with Defendants. This Court previously held that "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" was an impermissible shotgun pleading. *Merch. One, Inc.*, 2020 WL 248608, at *3 (quoting *Weiland*, 792 F.3d at 1321-23). In this case, the second claim for relief adopts the allegations of the first count. *See* ECF No. [1] ¶ 46 (incorporating by reference ¶¶ 1-45). The third claim for adopts the allegations of the first and second counts. *See id.* ¶ 54 (incorporating by reference ¶¶ 1-53). The pattern continues for the remaining counts where each successive count adopts the allegations of all of the preceding counts. *See id.* ¶¶ 63, 71, 78, 87, 97. Furthermore, Count VII only alleges claims against Selfie Museum and the individual Defendants, not Miami Selfie, despite incorporating all of the previous counts, which do assert claims against Miami Selfie. *See id.* ¶ 97. It is unclear if and how all of the previous counts, which appear to assert

allegations against Miami Selfie, are grounds for claims against the remaining Defendants, but not Miami Selfie. As such, the claims against each Defendant and the grounds upon which each claim rests are unclear.

A review of specific paragraphs in the Complaint further highlights the deficiencies in Plaintiff's Complaint. For instance, paragraph 25, which is incorporated by reference in all of the counts, claims that "Defendants" filed a Notice of Opposition to the Museum of Selfies Mark. *Id.* ¶ 25. However, a review of the exhibit Plaintiff attached to the Complaint, ECF No. [1-5] ("Notice"), indicates that only Selfie Museum filed the Notice. Despite Plaintiff's representation that all of the Defendants joined the Notice, none of the other named Defendants joined the Notice. *See id.* Therefore, it is unclear if and how paragraph 25 is the basis for the claims asserted against the other named Defendants, especially Butenko who is alleged to have no affiliation with Selfie Museum. *See* ECF No. [1] ¶ 6. In addition, paragraph 28, which is incorporated by reference in all of the counts, claims that "Defendants" held art exhibitions using Plaintiff's Mark in various cities in the United States. *Id.* ¶ 28. However, it is unclear if all of the Defendants held art exhibitions in all of the cities, and if not, which of the Defendants held art exhibitions in which cities.[1]

In sum, the Complaint fails to give fair notice to each of the Defendants the claims against them and the grounds upon which each claim rests. Given the Eleventh Circuit's holding that district courts are to dismiss shotgun pleadings as "fatally defective," *B.L.E.*, 335 F. App'x. at 963, Plaintiff's failure is dispositive, and the Complaint must be dismissed.

---

[1] Further, as discussed below in the subsection on the failure to state a claim, the Complaint alleges claims against entities and individuals in an indiscriminate manner. As a result, the Complaint fails to set forth the necessary allegations against individual Defendants. This deficiency also fails to give individual Defendants adequate notice of the claims against them and the grounds upon which each claim rests.

### b. Failure to State a Claim

Though the Court need to continue, in the interest of judicial economy, the Court addresses Defendants' argument that the Complaint fails to state a claim for individual liability for trademark infringement. Defendants argue that the Complaint fails to allege that the individual Defendants had knowledge of the infringement and "actively participated as a moving force in the decision to engage in the infringing acts." ECF No. [33] at 6 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1478 (11th Cir. 1991)); *see also* ECF No. [28] at 6-7. Plaintiff responds that it has sufficiently alleged claims against the individual Defendants and that it is not required to make any further concrete allegations at the pleading stage. *See* ECF No. [30] at 11-12.

The Court agrees with Defendants. As an initial matter, the Eleventh Circuit has held that

> "Natural persons, as well as corporations, may be liable for trademark infringement under the Lanham Act. Because of its very nature a corporation can act only through individuals. Obviously . . . if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done. If an individual actively and knowingly caused the infringement, he is personally liable."

*Chanel*, 931 F.2d at 1477 (citations and internal quotation marks omitted). Further, in *Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.*, the court, in addressing a motion to dismiss, held that "[t]o support an infringement claim against an individual, it is necessary that a complaint pleads that the individual 'actively and knowingly caused the infringement.'" No. 14-62216-CIV, 2015 WL 1526177, at *4 (S.D. Fla. Apr. 3, 2015) (quoting *Chanel.*, 931 F.2d at 1477). Therefore, to properly allege trademark infringement claims against the individual Defendants, Plaintiff must allege that the individual Defendants actively and knowingly caused the infringement.

While Plaintiff has identified the individual Defendants and alleged their respective positions within the two entity Defendants, *see* ECF No. [1] ¶¶ 4-7, as discussed above, the Complaint makes allegations against all Defendants in an indiscriminate manner that makes it

difficult to ascertain the grounds upon which each claim rests for any particular individual Defendant. Further, the Complaint alleges in a conclusory manner, and without identifying specific Defendants, that "Defendants' [infringing] actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark." ECF No. [1] ¶ 44; *see also id.* ¶¶ 74, 95. The only factual allegations that could potentially support the conclusory allegations that the individual Defendants actively and knowingly caused the infringement are paragraphs 24, 25 and 28. In paragraphs 24 and 25, the Complaint alleges that all Defendants knew of Plaintiff's Mark because all Defendants filed a Notice of Opposition to the Museum of Selfies Mark. *See id.* ¶¶ 24, 25. However, as discussed above, only Selfie Museum filed the Notice. As such, paragraphs 24 and 25 do not satisfactorily allege that all the individual Defendants actively and knowingly caused the infringement. Also, in paragraph 28, the Complaint alleges that all Defendants "intentionally" copied Plaintiff's Mark for art exhibitions in various cities in the United States. *See id.* ¶ 28. However, as stated before, it is unclear if all of the Defendants held art exhibitions in all of the cities, and if not, which of the Defendants held art exhibitions in which cities. The Complaint fails to allege that the individual Defendants actively and knowingly caused the infringement and, as a result, fails to state a claim of individual liability for trademark infringement.

**c. Personal Jurisdiction**

Defendants argue that the Court does not have personal jurisdiction over Eckhout because she is not a "co-founder" of Selfie Museum. *See* ECF No. [28] at 13. According to Defendants, Eckhout is an accountant who did not authorize or direct any of Selfie Museum's activities, especially any activities that may have taken place in Florida. *See id*. As such, with respect to general jurisdiction, Defendants argue that Eckhout has not had any continuous and systematic general business contacts in Florida. ECF No. [28] at 10; *see also* ECF No. [28-1]. With respect to

specific jurisdiction, Eckhout attests that she has not engaged in any of the activities enumerated in Florida's long-arm statute that could confer specific jurisdiction. *See id.* Further, Defendants argue that even if some of Florida's long-arm statute requirements were satisfied, the exercise of personal jurisdiction would violate federal Due Process because Eckhout had no minimum contacts in Florida, Eckhout would be burdened financially by having to litigate in Florida, and this Court has no greater interest in resolving mostly federal claims than a different federal forum. *See* ECF No. [28] at 13-14.

Plaintiff responds that the Complaint alleges that Eckhout engaged in continuous conduct in Florida, conducted business in Florida regularly, and had minimum contacts in Florida because she was a "Governor" of Selfie Museum. ECF No. [30] at 15; *see also* ECF No. [1] ¶ 14. Plaintiff attaches the Secretary of Washington State's Business Information Report, which lists Eckhout as a Governor of Selfie Museum as of February 2, 2022. *See* ECF No. [30-1] at 5. Plaintiff further notes that the Revised Code of Washington § 23.92.105(12) states that:

> 'Governor' means: (a) A director of a business corporation . . . (i) Any other person under whose authority the powers of an entity are exercised and under whose direction the activities and affairs of the entity are managed pursuant to the organic law and organic rules of the entity.

Wash. Rev. Code Ann. § 23.95.105(12). Lastly, Plaintiff argues that the exercise of personal jurisdiction would not violate traditional notions of fair play and substantial justice given that as a Governor for Selfie Museum, Eckhout directed trademark infringement in Florida and the Court has an interest in adjudicating such claims in Florida. *See* ECF No. [30] at 16. Plaintiff further notes that allowing piecemeal litigation involving many of the same issues in another forum would not be less costly for Eckhout. *See id.*

In their Reply, Defendants maintain that the Court does not have personal jurisdiction over Eckhout. *See* ECF No. [33] at 7-8. Defendants also attach an affidavit claiming that Eckhout

mistakenly listed herself as a Governor in the public records and that Eckhout corrected the mistake by filing an Amendment of Foreign Registration Statement with the Washington Secretary of State on March 3, 2022. *See id.* at 8. Defendants further contend that Plaintiff's counsel's affidavit that merely confirms the mistaken public record should not be given the same weight as Eckhout's affidavit. *See id.*

The Court agrees with Plaintiff. As noted above, the Eleventh Circuit has established that a defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp.,* 557 F.3d at 1295. "Where . . . the Defendant submits affidavit(s) to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier*, 288 F.3d at 1269; *see also Internet Sols. Corp.*, 557 F.3d at 1295; *Cable/Home Commc'n Corp.*, 902 F.2d at 855. In addition, "where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." *Morris v. SSE, Inc*., 843 F.2d 489, 492 (11th Cir. 1988) (citing *Delong v. Washington Mills*, 840 F.2d 843, 845 (11th Cir. 1988)). Further, Florida's long-arm statute states, in relevant part:

> (1)(a)    A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1.    Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

Fla. Stat. § 48.193(1).

In this case, although the Complaint is a shotgun pleading, the jurisdictional allegations against Eckhout are enumerated on an individual basis to establish a *prima facie* case for personal jurisdiction over Eckhout. *See* ECF No. [1] ¶¶ 7, 14. Given that Plaintiff has established a *prima*

*facie* case for personal jurisdiction over Eckhout, the Court turns to the Parties' affidavits. *See Meier ex rel. Meier*, 288 F.3d at 1269. Although Defendants have submitted an affidavit attesting that Eckhout is an accountant, *see* ECF No. [28-1], Plaintiff submitted a Secretary of Washington State's Business Information Report, which clearly lists Eckhout as a Governor of Selfie Museum as of February 2, 2022, *see* ECF No. [30-1] at 5. Given that when evidence presented by the parties' affidavits conflict, courts must construe all reasonable inferences in favor of non-movant plaintiffs, *see Morris*, 843 F.2d at 492, the Court determines that Plaintiff sufficiently alleges that Eckhout operated, conducted, engaged in, or carried on a business or business venture in this state that gave rise to Plaintiff's cause of action.

To the extent that Defendants amended the public records in response to Plaintiff's Response and now asks the Court to give greater weight to Eckhout's sworn affidavits, the Court is not persuaded. The Court notes that Defendants amended the public records on March 3, 2022. *See* ECF No. [33] at 8. As such, the causes of action, as alleged, took place while Eckhout was still a Governor for Selfie Museum. It is inapposite that Eckhout is no longer a Governor for Selfie Museum given that at the time of the alleged infringing activity, Eckhout was a Governor for Selfie Museum and directed Selfie Museum's activities.[2]

In addition, the exercise of personal jurisdiction would not violate Due Process. As stated above, the Court must consider: (1) the defendant's purposeful availment of the forum state; (2) the cause of action arising out of the activities of which the defendant purposefully availed herself; and (3) reasonable foreseeability of the defendant being haled into court in the forum state. *See*

---

[2] Furthermore, the Court does not find persuasive Defendants' argument that the public records reflect a mistaken filing because the same "mistake" appears to have occurred on two separate occasions nearly two years apart. *See* ECF No. [33-1] ¶¶ 2-3. Nonetheless, even taking into consideration Defendants' claim that the public records are the result of a mistaken filing, at this stage of the proceedings, the Court construes all inferences in the affidavits in favor of Plaintiff to find that the Court has personal jurisdiction over Eckhout.

Case No. 22-cv-20233-BLOOM/Otazo-Reyes

*Future Tech. Today*, 218 F.3d at 1250-51 (citing *Burger King,* 471 U.S. at 475). The Court must also determine whether exercising personal jurisdiction will comport with traditional notions of fair play and substantial justice. *Id.* at 1251 (citing *Burger King, 4*71 U.S. at 466). In this case, Plaintiff satisfactorily alleges that Eckhout purposefully availed herself to the forum state by serving as a Governor of Selfie Museum and directing Selfie Museum to enter into a licensing agreement with Miami Selfie in Miami. *See* ECF No. [1] ¶¶ 7, 14, 30. Plaintiff's cause of action arises from Eckhout's activities as Governor of Selfie Museum. *See id.* It was reasonably foreseeable that Eckhout could be haled into court in Florida as the Governor of Selfie Museum. Further, as Plaintiff rightly notes, the Court has an interest in adjudicating claims of infringement in Florida, and it is unclear that piecemeal litigation involving many of the same issues in another forum would be less costly for Eckhout. In sum, though the Complaint is deficient as shotgun pleading, based on the jurisdictional allegations in the Complaint in regard to Eckhout and the attached affidavits, the Court does have personal jurisdiction over Eckhout.[3]

### d. Dismissal Without Prejudice

As a final matter, because Plaintiff argues, in the alternative, that the Court should grant Plaintiff leave to amend, *see* ECF No. [30] at 13, the Court considers whether the dismissal of Plaintiff's claims against Defendants should be with or without prejudice. Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Considering the Parties' arguments, the Court determines that granting Plaintiff another opportunity to plead its claims against Defendants would not be futile, if Plaintiff can specify the grounds for its claims against each Defendant and allege all of the necessary elements for its

---

[3] Since the Court has specific jurisdiction over Eckhout, the Court need not address Defendants' argument that the Court does not have general jurisdiction over Eckhout.

trademark infringement claims against individual Defendants. As such, Plaintiff may have one opportunity to rectify its pleading in keeping with the Court's Order.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion, **ECF No. [28]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

3. If Plaintiff can in good faith set forth its claims in accordance with the Court's Order, Plaintiff shall file an Amended Complaint **by no later than April 14, 2022**.

4. Defendants' Motion to Stay Proceedings Pending Resolution of Related Proceedings Before the Trademark Trial and Appeal Board, **ECF No. [27]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 4, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record