## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO. 1:22-cv-20233-BB

| | |
|---|---|
| **MUSEUM OF SELFIES INC**., a California corporation, | **FIRST AMENDED COMPLAINT** |
| Plaintiff, | 1. FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114(1)]; |
| v. | 2. FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)]; |
| **MIAMI SELFIE, LLC**, a Florida Limited Liability Company; **SELFIE MUSEUM, LLC**, a Colorado limited liability company; **OLEKSII KURYLIN**, an individual; **ANDRII BUTENKO**, an individual; **IGOR BENCHAK**, an individual; and **MARY ECKHOUT**, an individual, | 3. FALSE SPONSORSHIP [15 U.S.C. § 1125(a)]; |
| | 4. PASSING OFF [15 U.S.C. § 1125(a)]; |
| | 5. COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT; |
| | 6. FLORIDA UNFAIR COMPETITION PURSUANT TO FDUTPA § 501.201 ET SEQ |
| | 7. CONTRIBUTORY TRADEMARK INFRINGEMENT |
| Defendants. | 8. DECLARATORY JUDGMENT FOR TRADEMARK RIGHTS |

**DEMAND FOR JURY TRIAL**

Plaintiff Museum of Selfies Inc. ("Plaintiff") hereby complains against Defendants Miami Selfie, LLC ("Miami Selfie"), Selfie Museum, LLC ("Selfie Museum"), Oleksii Kurylin ("Kurylin"), Andrii Butenko ("Butenko"), Igor Benchak ("Benchak"), and Mary Eckhout ("Eckhout"), (collectively, "Defendants") and alleges as follows:

## PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of California, having its principal place of business at 6757 Hollywood Blvd., Los Angeles, CA 90028.

2.      Upon information and belief, Defendant Miami Selfie is a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business at 179 NW 25th St., Miami, FL 33127.

3.      Upon information and belief, Defendant Selfie Museum is a limited liability company organized and existing under the laws of the State of Colorado, having its principal place of business at 1531 Stout St., Denver, CO 80202.

4.      Upon information and belief, Defendant Kurylin is an individual residing in the State of Colorado and is a manager of Defendant Miami Selfie and governor of Defendant Selfie Museum, LLC.

5.      Upon information and belief, Defendant Benchak is an individual residing in the State of Colorado and is a manager of Defendant Miami Selfie and co-founder of Defendant Selfie Museum, LLC.

6.      Upon information and belief, Defendant Butenko is an individual residing in the State of North Carolina and is a manager of Defendant Miami Selfie and its registered agent.

7.      Upon information and belief, Defendant Eckhout is an individual residing in the State of Colorado and is a governor of Defendant Selfie Museum at all times relevant to this complaint.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction under 28 U.S.C. § 1338(a) as this action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1125(a), as well as under supplemental jurisdiction under 28 U.S.C. § 1367 over the related State Law claims.

9.      Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant Miami Selfie because it is domiciled, has extensive contacts

with, and conducts business within, the State of Florida and this judicial district; Defendant Miami Selfie has caused its services to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant Miami Selfie's contacts with this judicial district.

10.     Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant Selfie Museum because it is has extensive contacts with, and directs and conducts business within, the State of Florida and this judicial district; Defendant Selfie Museum has licensed the use of its alleged trademark rights in "SELFIE MUSEUM" and/or "ORIGINAL SELFIE MUSEUM" in this judicial district to Defendant Miami Selfie; the causes of action asserted in this Complaint arise out of Defendant Selfie Museum's contacts with this judicial district.

11.     This Court has personal jurisdiction over Defendant Kurylin because, upon information and belief, Defendant Kurylin personally authorized and directed Defendant Miami Selfie's and Defendant Selfie Museum's infringing activities in this judicial district as alleged below.

12.     This Court has personal jurisdiction over Defendant Benchak because, upon information and belief, Defendant Benchak personally authorized and directed Defendant Miami Selfie's infringing activities in this judicial district as alleged below.

13.     This Court has personal jurisdiction over Defendant Butenko because, upon information and belief, Defendant Butenko personally authorized and directed Defendant Miami Selfie's infringing activities in this judicial district as alleged below.

14.     This Court has personal jurisdiction over Defendant Eckhout because, upon information and belief, Defendant Eckhout authorized and directed Defendant Selfie Museum's

infringing activities in this judicial district as Selfie Museum's governor as alleged below during the times relevant to the complaint.

15.     Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(2) because this judicial district is where Defendant Miami Selfie Museum resides and the judicial district in which a substantial part of the events or omissions occurred as a result of Defendants infringing activities that cause harm within this district. Defendants have also advertised, offered for sale, and made sales and/or sold infringing serving to consumers in Florida.

## COMMON FACTUAL BACKGROUND

16.     Plaintiff was founded on or about April 1, 2018 with the goal of providing fresh and must-see attractions, including interactive exhibits allowing people to capture "selfies" of themselves with commissioned artwork.

17.     For over the past three and a half years, from at least April 1, 2018 to the present, Plaintiff has acquired rights to and continuously used in interstate commerce the designation MUSEUM OF SELFIES (hereinafter, "the Museum of Selfies Mark") in connection with museums, museum services, and art exhibitions.

18.     Plaintiff has invested substantial time, money and resources promoting and marketing its exhibits through use of the Museum of Selfies Mark on its various websites (e.g., https://selfievegas.com) and through social media platforms such as Facebook, Instagram, TikTok, and Twitter.  As a result of Plaintiff's promotional efforts, the consuming public has come to know, rely upon, and recognize Plaintiff as the exclusive source of museum(s), museum services, and art exhibits bearing the Museum of Selfies Mark.  The Museum of Selfies Mark has achieved a distinctive and valuable reputation and garnered goodwill amongst consumers.  As a result, the

Museum of Selfies Mark is a reputable name in the museum industry and is entitled to protection under Federal and Florida laws.

19.     Plaintiff's museum(s), museum services, and art exhibits have received numerous forms of unsolicited media coverage from well-recognized publications with millions of subscribers and/or readers, such as The Wall Street Journal, The Los Angeles Times, American Way, National Geographic, and Thrillist. These articles cover the opening of Plaintiff's museum(s), museum services, and art exhibits, reviews of them, including in particular their expansion in Las Vegas.

20.     On August 21, 2017, Plaintiff filed a trademark application for "MUSEUM OF SELFIES" on the Supplemental Register of the United States Patent and Trademark Office ("USPTO"). On August 21, 2018, the Museum of Selfies Mark was registered to the Supplemental Register.  Attached hereto as **Exhibit 1** is a true and correct copy of the August 21, 2017 trademark application for "MUSEUM OF SELFIES."

21.     On October 8, 2020, Plaintiff filed a trademark application for "MUSEUM OF SELFIES" on the Principal Register of the United States Patent and Trademark Office.  Attached hereto as **Exhibit 2** is a true and correct copy of the October 8, 2020 trademark application for "MUSEUM OF SELFIES."

22.     On August 26, 2021 the USPTO provided notice to Plaintiff that it determined the Museum of Selfies Mark was entitled to publication on the Principal Register.  Attached hereto as **Exhibit 6** is a true and correct copy of the Notice of Publication.

23.     Plaintiff is informed and believes that Defendant Selfie Museum is a provider of museums, museum services, and art exhibitions.

24.     Plaintiff is informed and believes that Defendant Selfie Museum, Kurylin, and Eckhout have known about Plaintiff's Museum of Selfies Mark at least as early as October 13, 2021, when Defendant Selfie Museum filed a request to extend time to oppose Plaintiff's Museum of Selfies Mark's registration on the Principal Register.

25.     Upon information and belief, Defendants Kurylin and Eckhout were both governors of Selfie Museum at that time and knew about Plaintiff's rights through their positions as officers of Selfie Museum.  Attached as **Exhibit 8** is a true and correct copy of the Annual Report for Defendant Selfie Museum's foreign registration in Washington State filed on March 20, 2021 and February 2, 2022.

26.     Plaintiff is informed and believes that Defendant Selfie Museum, under the active and knowing control of Defendants Kurylin, and Eckhout filed a Notice of Opposition to the Museum of Selfies Mark on or about January 12, 2022 (Opposition No. 91273935) ("Opposition"). Defendant Selfie Museum alleged in the Opposition that the Museum of Selfies Mark "has not acquired distinctiveness and is instead merely descriptive of [Plaintiff's] Services."  Attached as **Exhibit 5** is a true and correct copy of the Notice of Opposition.

27.     Plaintiff is informed and believes that Defendant Selfie Museum did not open to the public until well over a year after Plaintiff opened its first location in in 2018 according to a September 5, 2019 article by 303 Magazine entitled "The Selfie Museum Opened Its First Location in Denver."

28.     Upon information and belief, Defendant Selfie Museum filed trademark applications for the following trademarks: (a) "SELFIE MUSEUM" (Class 35) on or about March 16, 2021 (now subject to an office action); and (b) "ORIGINAL SELFIE MUSEUM" (Class 41) on or about September 22, 2021 (collectively, "Selfie Museum Trademark Applications").

29.     Upon information and belief, Defendant Selfie Museum, under the active and knowing control of Kurylin and Eckhout, have intentionally copied the Museum of Selfies Mark by using the "SELFIE MUSEUM" name for art exhibitions in at least Denver, Seattle, and Miami and other locations as shown below:



30.     Upon information and belief Defendant Selfie Museum, under the direction and control of Kurylin and Eckhout, directly operates the locations in Seattle, Washington and Denver, Colorado, and Raleigh North Carolina.

31.     Upon information and belief, Defendant Selfie Museum licenses its purported rights to the Selfie Museum Trademark Applications to a satellite location in Miami, Florida run by Defendant Miami Selfie, which is under the active and knowing control of Defendants Kurylin,

Benchak, and Butenko, who are Miami Selfie's managers.  Attached as **Exhibit 9** is a true and correct copy of the Annual Report dated March 16, 2022 for Miami Selfie.

32.     Upon information and belief, Defendant Kurylin being both a governor of Selfie Museum and a manager of Miami Selfie, imputed his knowledge of Plaintiff's rights in the Museum of Selfies Mark and Selfie Museum's Opposition to Defendants Selfie Museum and Miami Selfie, because at all relevant times Defendant Kurylin exercised substantial control over Selfie Museum and Miami Selfie and his actions were intended to benefit Selfie Museum and Miami Selfie to the detriment of outsiders.

33.     Upon information and belief, Defendant Kurylin informed Benchak, and Butenko regarding Plaintiff's rights in the Museum of Selfies Mark and Selfie Museum's Opposition as co-managers of Miami Selfie.

34.     Thus, upon information and belief, Defendants Miami Selfie, Benchak, and Butenko also knew about Plaintiff's Museum of Selfies Mark at least as early as October 13, 2021 but chose to license the Selfie Museum Trademark Applications despite that knowledge.

35.     Upon information and belief, Defendant Selfie Museum, under the active and knowing control of Kurylin and Eckhout, have directly, contributorily, or vicariously copied Plaintiff's art exhibition concepts, further demonstrating their active and knowing violation of Plaintiff's rights in the Museum of Selfies Mark:



**Plaintiff's Museum of Selfies (left, Ex. 3) and Selfie Museum (right, Ex. 4)**



**Plaintiff's Museum of Selfies (left, Ex. 3) and Selfie Museum (right, Ex. 4)**



**Plaintiff's Museum of Selfies (left, Ex. 3) and Selfie Museum (right, Ex. 3)**



**Plaintiff's Museum of Selfies (left, Ex. 3) and Selfie Museum (right, Ex. 4)**

36.     Upon information and belief, Defendant Selfie Museum have also licensed the exhibitions shown above to Defendant Miami Selfie, and under the active and knowing control of Kurylin, Benchak, and Butenko, Defendant Miami Selfie has exhibited the exhibitions in the Miami, Florida location.  Defendants Miami Selfie, Kurylin, Benchak, and Butenko have thus

10

directly, contributorily, or vicariously copied Plaintiff's art exhibition concepts, demonstrating Miami Selfie's, Kurylin's, Benchak's, and Butenko's active and knowing violation of Plaintiff's rights in the Museum of Selfies Mark.  Attached as **Exhibit 7** is a true and correct copy of Miami Selfie's marketing on its Facebook page.

37.     Upon information and belief, Selfie Museum and Miami Selfie are actively and knowingly operated by individuals Kurylin, Eckhout, Benchak, and Butenko because Selfie Museum and Miami Selfie use the same website (originalselfiemuseum.com), same marketing, and same ticketing interface to sell its services to the public.  Attached as **Exhibit 10** is a true and correct copy of the ticket purchasing interface for originalselfiemuseum.com.

38.     Upon information and belief, originalselfiemuseum.com is registered by Defendant Selfie Museum, which oversees all the businesses of all the locations in the United States.

39.     Upon information and belief, Defendant Selfie Museum, under the active and knowing control of Defendants Kurylin and Eckhout, licenses its purported rights to the Selfie Museum Trademark Applications to other locations including:  Austin Selfie LLC in Austin, Texas, which is managed by Igor Benchak and Margaryta Schwery and (b) locations in Atlanta, Georgia; and Alpharetta, Georgia (collectively, "Selfie Museum Licensees").

40.     Upon information and belief Defendants Selfie Museum, Kurylin, and Eckhout have directly and contributorily marketed and provided museum(s), museum services, and art exhibits using the "SELFIE MUSEUM" name, which causes a likelihood of confusion with Plaintiff's museum(s), museum services, and art exhibits bearing the Museum of Selfies Mark.

41.     Upon information and belief Defendants Miami Selfie, Kurylin, Benchak, and Butenko have directly marketed and provided museum(s), museum services, and art exhibits using

the "SELFIE MUSEUM" name, which causes a likelihood of confusion with Plaintiff's museum(s), museum services, and art exhibits bearing the Museum of Selfies Mark.

42.     As a result of Defendants Selfie Museum, Kurylin, and Eckhout continued direct and contributory use of the "SELFIE MUSEUM" name that infringes Plaintiff's Museum of Selfies Mark, Defendants Selfie Museum, Kurylin, and Eckhout have caused Plaintiff financial harm in the form of lost sales in addition to causing irreparable damage to Plaintiff's goodwill, reputation, and investment in the Museum of Selfies Mark.

43.     As a result of Defendants Miami Selfie, Kurylin, Benchak, and Butenko continued direct use of the "SELFIE MUSEUM" name that infringes Plaintiff's Museum of Selfies Mark, Defendants Miami Selfie, Kurylin, Benchak, and Butenko have caused Plaintiff financial harm in the form of lost sales in addition to causing irreparable damage to Plaintiff's goodwill, reputation, and investment in the Museum of Selfies Mark.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement of Registered Mark Under 15 U.S.C. § 1114(1))

44.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43, inclusive as though fully set forth herein.

45.     Plaintiff is the owner of the following trademark registration:

| Registration | Mark | Date of Registration |
|---|---|---|
| 5547655 | MUSEUM OF SELFIES | August 21, 2018 |

46.     Plaintiff first used the Museum of Selfies Mark on April 1, 2018 and has continuously used the Museum of Selfies Mark since that time and expanded upon its use through several locations in the United States.

47.     The Museum of Selfies Mark is valid and protectable because Plaintiff has expended time, effort, and money promoting its museum, museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."  Evidence of "secondary meaning" includes evidence submitted to the USPTO that resulted in the USPTO's notice to Plaintiff that it determined the Museum of Selfies Mark was entitled to publication on the Principal Register on August 26, 2021.

### As Against Defendant Selfie Museum

48.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 44-47, inclusive as though fully set forth herein.

49.     Upon information and belief, Defendant Selfie Museum has used the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in intrastate and interstate commerce in connection with museums, museum services, and art exhibits after Plaintiff's date of first use and without the consent of Plaintiff.

50.     Defendant Selfie Museum's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendant Selfie Museum; (b) the affiliation, connection, and association of Plaintiff with Defendant Selfie Museum; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by Defendant Selfie Museum, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

51.     Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

52.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

53.     Defendant Selfie Museum's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Defendant Selfie Museum in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff. Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

54.     Unless restrained, Defendant Selfie Museum will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Defendant Selfie Museum's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against the Defendant Selfie Museum for its misconduct.

**As Against Defendant Miami Selfie**

55.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 44-47, inclusive as though fully set forth herein.

56.     Upon information and belief, Defendant Miami Selfie has used the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies

Mark in intrastate and interstate commerce in connection with museums, museum services, and art exhibits after Plaintiff's date of first use and without the consent of Plaintiff.

57.     Defendant Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendant Miami Selfie; (b) the affiliation, connection, and association of Plaintiff with Defendant Miami Selfie; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by Defendant Miami Selfie, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

58.     Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

59.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

60.     Defendant Miami Selfie's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Defendant Miami Selfie in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff. Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

61.     Unless restrained, Defendant Miami Selfie will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Defendant Miami Selfie 's conduct, if allowed to continue, would inevitably result in damage to

Plaintiff.   Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against the Defendant Miami Selfie for its misconduct.

### As Against Defendant Kurylin

62.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 44-47, inclusive as though fully set forth herein.

63.     Upon information and belief, Defendant Kurylin, through the companies in his control (Defendant Selfie Museum and Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's and Defendant Selfie Museum's infringing activities despite knowing of Plaintiff's rights.

64.     Upon information and belief, Defendant Kurylin directed Selfie Museum and Miami Selfie to use the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in intrastate and interstate commerce in connection with museums, museum services, and art exhibits after Plaintiff's date of first use and without the consent of Plaintiff.

65.     Defendant Kurylin directed Selfie Museum's and Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendants Selfie Museum and Miami Selfie; (b) the affiliation, connection, and association of Plaintiff with Defendants Selfie Museum and Miami Selfie; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by Defendants Selfie Museum and Miami Selfie, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

66.     Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

67.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

68.     Defendant Kurylin's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Defendant Kurylin in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

69.     Unless restrained, Defendant Kurylin will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Defendant Kurylin's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against the Defendant Kurylin for his misconduct.

**As Against Defendant Eckhout**

70.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 44-47, inclusive as though fully set forth herein.

71.     Upon information and belief, Defendant Eckhout, through the company in her control (Defendant Selfie Museum) has actively and knowingly directed Defendant Selfie Museum's infringing activities despite knowing of Plaintiff's rights.

72.     Upon information and belief, Defendant Eckhout directed Selfie Museum to use the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in intrastate and interstate commerce in connection with museums, museum services, and art exhibits after Plaintiff's date of first use and without the consent of Plaintiff.

73.     Defendant Eckhout directed Selfie Museum's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendant Selfie Museum; (b) the affiliation, connection, and association of Plaintiff with Defendant Selfie Museum; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by Defendant Selfie Museum, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

74.     Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

75.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

76.     Defendant Eckhout's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Defendant Eckhout in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

77.     Unless restrained, Defendant Eckhout will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which

damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Defendant Eckhout's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against the Defendant Eckhout for her misconduct.

### As Against Defendant Benchak

78.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 44-47, inclusive as though fully set forth herein.

79.     Upon information and belief, Defendant Benchak, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's infringing activities despite knowing of Plaintiff's rights.

80.     Upon information and belief, Defendant Benchak directed Miami Selfie to use the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in intrastate and interstate commerce in connection with museums, museum services, and art exhibits after Plaintiff's date of first use and without the consent of Plaintiff.

81.     Defendant Benchak directed Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendant Miami Selfie; (b) the affiliation, connection, and association of Plaintiff with Defendant Miami Selfie; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by Defendant Miami Selfie, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

82.     Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

83.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

84.     Defendant Benchak's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Defendant Benchak in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

85.     Unless restrained, Defendant Benchak will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Defendant Benchak's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against the Defendant Benchak for his misconduct.

**As Against Defendant Butenko**

86.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 44-47, inclusive as though fully set forth herein.

87.     Upon information and belief, Defendant Butenko, through the company in his control (Defendant Miami Selfie) actively and knowingly directed Defendant Miami Selfie's infringing activities despite knowing of Plaintiff's rights.

88.     Upon information and belief, Defendant Butenko directed Miami Selfie to use the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in intrastate and interstate commerce in connection with museums, museum services, and art exhibits after Plaintiff's date of first use and without the consent of Plaintiff.

89.     Defendant Butenko directed Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendant Miami Selfie; (b) the affiliation, connection, and association of Plaintiff with Defendant Miami Selfie; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by Defendant Miami Selfie, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

90.     Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

91.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

92.     Defendant Butenko's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Defendant Butenko in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

93.     Unless restrained, Defendant Butenko will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate

for the injury to Plaintiff's business reputation, goodwill, and customer base, and Defendant Butenko's conduct, if allowed to continue, would inevitably result in damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against the Defendant Butenko for his misconduct.

### SECOND CLAIM FOR RELIEF

**(Unfair Competition by False Designation of Origin**

**Under 15 U.S.C. § 1125(a))**

94.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43, inclusive as though fully set forth herein.

95.     Plaintiff is the owner of the valid and protectable Museum of Selfies Mark because Plaintiff has expended time, effort, and money promoting its museum(s), museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

**As Against Selfie Museum**

96.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 94-95, inclusive as though fully set forth herein.

97.     Selfie Museum's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark as described hereinabove is a false designation of origin, and/or a false description or representation, and as such is likely to cause confusion, to cause mistake, to deceive the public as to the affiliation of Selfie Museum with Plaintiff, or as to the origin, sponsorship, or approval of Selfie Museum's

museum(s), museum services, and art exhibits by Plaintiff. Upon information and belief, such use has misled and deceived, and will continue to mislead and deceive, consumers into believing that Selfie Museum's "SELFIE MUSEUM" services and products are associated with, authorized, sponsored, or controlled by Plaintiff.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

98.     By Selfie Museum's acts as alleged herein, Selfie Museum has falsely designated and represented services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the goodwill of Plaintiff to promote Selfie Museum's own museum(s), and/or sell museum services and art exhibits and have otherwise competed unfairly with Plaintiff.

99.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

100.    Selfie Museum's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Selfie Museum in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

101.    Unless restrained, Selfie Museum will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Selfie Museum's conduct, if allowed to continue, would inevitably result in damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Selfie Museum for its misconduct.

**As Against Miami Selfie**

102.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 94-95, inclusive as though fully set forth herein.

103.    Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark as described hereinabove is a false designation of origin, and/or a false description or representation, and as such is likely to cause confusion, to cause mistake, to deceive the public as to the affiliation of Miami Selfie with Plaintiff, or as to the origin, sponsorship, or approval of Miami Selfie's museum(s), museum services, and art exhibits by Plaintiff. Upon information and belief, such use has misled and deceived, and will continue to mislead and deceive, consumers into believing that Miami Selfie's "SELFIE MUSEUM" services and products are associated with, authorized, sponsored, or controlled by Plaintiff.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

104.    By Miami Selfie's acts as alleged herein, Miami Selfie has falsely designated and represented services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the goodwill of Plaintiff to promote Miami Selfie's own museum(s), and/or sell museum services and art exhibits and have otherwise competed unfairly with Plaintiff.

105.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

106.    Miami Selfie's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Miami Selfie in performing the conduct

complained of herein acted willfully and with intent to injure Plaintiff. Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

107. Unless restrained, Miami Selfie will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Miami Selfie's conduct, if allowed to continue, would inevitably result in damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Miami Selfie for its misconduct.

**As Against Kurylin**

108. Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 94-95, inclusive as though fully set forth herein.

109. Upon information and belief, Defendant Kurylin, through the companies in his control (Defendant Selfie Museum and Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's and Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

110. Kurylin actively and knowingly directed Selfie Museum's and Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark as described hereinabove is a false designation of origin, and/or a false description or representation, and as such is likely to cause confusion, to cause mistake, to deceive the public as to the affiliation of Selfie Museum and Miami Selfie with Plaintiff, or as to the origin, sponsorship, or approval of Selfie Museum and Miami Selfie's museum(s), museum services, and art exhibits by Plaintiff. Upon information and belief, such use

has misled and deceived, and will continue to mislead and deceive, consumers into believing that Selfie Museum's and Miami Selfie's "SELFIE MUSEUM" services and products are associated with, authorized, sponsored, or controlled by Plaintiff.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

111.    By Kurylin's acts as alleged herein, Selfie Museum and Miami Selfie have falsely designated and represented services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the goodwill of Plaintiff to promote Selfie Museum's and Miami Selfie's own museum(s), and/or sell museum services and art exhibits and have otherwise competed unfairly with Plaintiff.

112.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

113.    Kurylin's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Kurylin in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

114.    Unless restrained, Kurylin will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Kurylin's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Kurylin for his misconduct.

**As Against Eckhout**

115.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 94-95, inclusive as though fully set forth herein.

116.    Upon information and belief, Defendant Eckhout, through the company in her control (Defendant Selfie Museum) has actively and knowingly directed Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

117.    Eckhout actively and knowingly directed Selfie Museum's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark as described hereinabove is a false designation of origin, and/or a false description or representation, and as such is likely to cause confusion, to cause mistake, to deceive the public as to the affiliation of Selfie Museum with Plaintiff, or as to the origin, sponsorship, or approval of Selfie Museum's museum(s), museum services, and art exhibits by Plaintiff. Upon information and belief, such use has misled and deceived, and will continue to mislead and deceive, consumers into believing that Selfie Museum's "SELFIE MUSEUM" services and products are associated with, authorized, sponsored, or controlled by Plaintiff.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

118.    By Eckhout's acts as alleged herein, Selfie Museum has falsely designated and represented services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the goodwill of Plaintiff to promote Selfie Museum's own museum(s), and/or sell museum services and art exhibits and have otherwise competed unfairly with Plaintiff.

119.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

120. Eckhout's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark. Eckhout in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff. Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

121. Unless restrained, Eckhout will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Eckhout's conduct, if allowed to continue, would inevitably result in damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Eckhout for her misconduct.

**As Against Benchak**

122. Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 94-95, inclusive as though fully set forth herein.

123. Upon information and belief, Defendant Benchak, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's wrongful activities despite knowing of Plaintiff's rights.

124. Benchak actively and knowingly directed Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark as described hereinabove is a false designation of origin, and/or a false description or representation, and as such is likely to cause confusion, to cause mistake, to deceive the public as to the affiliation of Miami Selfie with Plaintiff, or as to the origin, sponsorship, or approval of Miami Selfie's museum(s), museum services, and art exhibits by Plaintiff. Upon information and

belief, such use has misled and deceived, and will continue to mislead and deceive, consumers into believing that Miami Selfie's "SELFIE MUSEUM" services and products are associated with, authorized, sponsored, or controlled by Plaintiff.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

125.    By Benchak's acts as alleged herein, Miami Selfie has falsely designated and represented services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the goodwill of Plaintiff to promote Miami Selfie's own museum(s), and/or sell museum services and art exhibits and have otherwise competed unfairly with Plaintiff.

126.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

127.    Benchak's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Benchak in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

128.    Unless restrained, Benchak will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Benchak's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Benchak for his misconduct.

**As Against Butenko**

129.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 94-95, inclusive as though fully set forth herein.

130.    Upon information and belief, Defendant Butenko, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's wrongful activities despite knowing of Plaintiff's rights.

131.    Butenko actively and knowingly directed Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark as described hereinabove is a false designation of origin, and/or a false description or representation, and as such is likely to cause confusion, to cause mistake, to deceive the public as to the affiliation of Miami Selfie with Plaintiff, or as to the origin, sponsorship, or approval of Miami Selfie's museum(s), museum services, and art exhibits by Plaintiff. Upon information and belief, such use has misled and deceived, and will continue to mislead and deceive, consumers into believing that Miami Selfie's "SELFIE MUSEUM" services and products are associated with, authorized, sponsored, or controlled by Plaintiff.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

132.    By Butenko's acts as alleged herein, Miami Selfie has falsely designated and represented services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the goodwill of Plaintiff to promote Miami Selfie's own museum(s), and/or sell museum services and art exhibits and have otherwise competed unfairly with Plaintiff.

133.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

134.     Butenko's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Butenko in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

135.     Unless restrained, Butenko will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Butenko's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Butenko for his misconduct.

### THIRD CLAIM FOR RELIEF

### (False Endorsement Under Lanham Act 15 U.S.C. §1125(a))

136.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43, inclusive as though fully set forth herein.

137.     Plaintiff is the owner of the valid and protectable Museum of Selfies because Plaintiff has expended time, effort, and money promoting its museum(s), museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

**As Against Selfie Museum**

138.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 136-137, inclusive as though fully set forth herein.

139.    Defendant Selfie Museum has by its conduct complained of above, attempted to misappropriate Plaintiff's Museum of Selfies Mark and to deceive the public into believing that their own museum(s), museum services, and art exhibits is/are either endorsed by Plaintiff, is/are provided by Plaintiff, or that Defendant Selfie Museum is entitled to the goodwill Plaintiff has built in the Museum of Selfies Mark.

140.    As a result of Selfie Museum's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark, Selfie Museum created a "false endorsement" in violation of 15 U.S.C. §1125(a)(1)(A).   Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

141.    As a result of Selfie Museum's improper "false endorsement" activities, Selfie Museum is profiting, with minimal costs to itself, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.

142.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

143.  Selfie Museum's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Selfie Museum in performing the conduct

complained of herein acted willfully and with intent to injure Plaintiff. Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

144.    Unless restrained, Selfie Museum will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Selfie Museum's conduct, if allowed to continue, would inevitably result in damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Selfie Museum for its misconduct.

## As Against Miami Selfie

145.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 136-137, inclusive as though fully set forth herein.

146.    Defendant Miami Selfie has by its conduct complained of above, attempted to misappropriate Plaintiff's Museum of Selfies Mark and to deceive the public into believing that their own museum(s), museum services, and art exhibits is/are either endorsed by Plaintiff, is/are provided by Plaintiff, or that Defendant Miami Selfie is entitled to the goodwill Plaintiff has built in the Museum of Selfies Mark.

147.    As a result of Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark, Miami Selfie created a "false endorsement" in violation of 15 U.S.C. §1125(a)(1)(A). Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

148.     As a result of Miami Selfie's improper "false endorsement" activities, Miami Selfie is profiting, with minimal costs to itself, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.

149.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

150.     Miami Selfie's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.   Miami Selfie in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.   Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

151.     Unless restrained, Miami Selfie will continue to engage in the wrongful and illegal acts described herein.   As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Miami Selfie's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.   Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Miami Selfie for its misconduct.

## As Against Defendant Kurylin

152.     Upon information and belief, Defendant Kurylin, through the companies in his control (Defendant Selfie Museum and Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's and Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

153.    Defendant Kurylin, through his active and knowing control of Defendants Selfie Museum and Miami Selfie, has by his conduct complained of above, attempted to misappropriate Plaintiff's Museum of Selfies Mark and to deceive the public into believing that their own museum(s), museum services, and art exhibits is/are either endorsed by Plaintiff, is/are provided by Plaintiff, or that Defendant Selfie Museum and Miami Selfie are entitled to the goodwill Plaintiff has built in the Museum of Selfies Mark.

154.    As a result of Kurylin's active and knowing direction of Selfie Museum's and Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark, Kurylin created a "false endorsement" in violation of 15 U.S.C. §1125(a)(1)(A).  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

155.    As a result of Kurylin's active and knowing direction of Selfie Museum and Miami Selfie's improper "false endorsement" activities, Kurylin is profiting, with minimal costs to himself, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.

156.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

157. Kurylin's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Kurylin in performing the conduct complained

35

of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

158.    Unless restrained, Kurylin will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Kurylin's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Kurylin for his misconduct.

### As Against Defendant Eckhout

159.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 136-137, inclusive as though fully set forth herein.

160.    Upon information and belief, Defendant Eckhout, through the company in her control (Defendant Selfie Museum) has actively and knowingly directed Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

161.    Defendant Eckhout, through her active and knowing control of Defendant Selfie Museum, has by her conduct complained of above, attempted to misappropriate Plaintiff's Museum of Selfies Mark and to deceive the public into believing that their own museum(s), museum services, and art exhibits is/are either endorsed by Plaintiff, is/are provided by Plaintiff, or that Defendant Selfie Museum is entitled to the goodwill Plaintiff has built in the Museum of Selfies Mark.

162.    As a result of Eckhout's active and knowing direction of Selfie Museum's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar

variations of the Museum of Selfies Mark, Eckhout created a "false endorsement" in violation of 15 U.S.C. §1125(a)(1)(A).  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

163.    As a result of Eckhout's direction of Selfie Museum's improper "false endorsement" activities, Eckhout is profiting, with minimal costs to herself, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.

164.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

165. Eckhout's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Eckhout in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

166.    Unless restrained, Eckhout will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Eckhout's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Eckhout for her misconduct.

**As Against Defendant Benchak**

167.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 136-137, inclusive as though fully set forth herein.

168.     Upon information and belief, Defendant Benchak, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's wrongful activities despite knowing of Plaintiff's rights.

169.     Defendant Benchak, through his active and knowing control of Defendant Miami Selfie, has by his conduct complained of above, attempted to misappropriate Plaintiff's Museum of Selfies Mark and to deceive the public into believing that their own museum(s), museum services, and art exhibits is/are either endorsed by Plaintiff, is/are provided by Plaintiff, or that Defendant Miami Selfie is entitled to the goodwill Plaintiff has built in the Museum of Selfies Mark.

170.     As a result of Benchak's active and knowing direction of Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark, Benchak created a "false endorsement" in violation of 15 U.S.C. §1125(a)(1)(A).  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

171.     As a result of Benchak's active and knowing direction Miami Selfie's improper "false endorsement" activities, Benchak is profiting, with minimal costs to himself, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.

172. By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

173. Benchak's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark. Benchak in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff. Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

174. Unless restrained, Benchak will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Benchak's conduct, if allowed to continue, would inevitably result in damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Benchak for his misconduct.

**As Against Defendant Butenko**

175. Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 136-137, inclusive as though fully set forth herein.

176. Upon information and belief, Defendant Butenko, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's wrongful activities despite knowing of Plaintiff's rights.

177. Defendant Butenko, through his active and knowing direction and control of Defendant Miami Selfie, has by his conduct complained of above, attempted to misappropriate Plaintiff's Museum of Selfies Mark and to deceive the public into believing that their own

museum(s), museum services, and art exhibits is/are either endorsed by Plaintiff, is/are provided by Plaintiff, or that Defendant Miami Selfie is entitled to the goodwill Plaintiff has built in the Museum of Selfies Mark.

178.   As a result of Butenko's active and knowing direction of Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark, Butenko created a "false endorsement" in violation of 15 U.S.C. §1125(a)(1)(A).  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

179.   As a result of Butenko's active and knowing direction Miami Selfie's improper "false endorsement" activities, Butenko is profiting, with minimal costs to himself, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.

180.   By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq*., including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

181. Butenko's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Butenko in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

182.   Unless restrained, Butenko will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Butenko's conduct, if

allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.  Accordingly, Plaintiff seeks injunctive relief against Butenko for his misconduct.

## FOURTH CLAIM FOR RELIEF

### (Passing Off Under Lanham Act 15 U.S.C. §1125(a) as to all Defendants)

183.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43, inclusive as though fully set forth herein.

184.    Plaintiff is the owner of the valid and protectable Museum of Selfies Mark because Plaintiff has expended time, effort, and money promoting its museum(s), museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

### As Against Selfie Museum

185.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 183-184, inclusive as though fully set forth herein.

186.    Defendant Selfie Museum's use of the "SELFIE MUSEUM" name and/or deceptively and confusingly similar variations of the Museum of Selfies Mark constitutes passing off, infringement, and misappropriation of the Museum of Selfies Mark, in violation of 15 U.S.C. §1125(a).

187.    As a result of Selfie Museum's "passing off", Selfie Museum is profiting, with minimal costs to itself, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

188.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq*., including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

189.     Selfie Museum's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Selfie Museum in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

190.  Unless restrained, **Selfie** Museum will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Selfie Museum's conduct, if allowed to continue, would inevitably result in damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.  Accordingly, Plaintiff seeks injunctive relief against the Selfie Museum for its misconduct.

## As Against Miami Selfie

191.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 183-184, inclusive as though fully set forth herein.

192.     Defendant Miami Selfie's use of the "SELFIE MUSEUM" name and/or deceptively and confusingly similar variations of the Museum of Selfies Mark constitutes passing off, infringement, and misappropriation of the Museum of Selfies Mark, in violation of 15 U.S.C. §1125(a).

193.     As a result of Miami Selfie's "passing off", Miami Selfie is profiting, with minimal costs to itself, from the considerable expenditures of effort, time and money that Plaintiff has

invested in developing its Museum of Selfies Mark.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

194.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq*., including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

195.    Miami Selfie's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Miami Selfie in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

196.  Unless restrained, Miami Selfie will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Miami Selfie's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.  Accordingly, Plaintiff seeks injunctive relief against the Miami Selfie for its misconduct.

**As Against Kurylin**

197.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 183-184, inclusive as though fully set forth herein.

198.    Upon information and belief, Defendant Kurylin, through the companies in his control (Defendant Selfie Museum and Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's and Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

199.    Kurylin actively and knowingly directed Defendant Selfie Museum's and Miami Selfie's use of the "SELFIE MUSEUM" name and/or deceptively and confusingly similar variations of the Museum of Selfies Mark constitutes passing off, infringement, and misappropriation of the Museum of Selfies Mark, in violation of 15 U.S.C. §1125(a).

200.    As a result of Selfie Museum's and Miami Selfie's "passing off", Kurylin is profiting, with minimal costs to himself, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

201.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq*., including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

202.    Kurylin's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Kurylin in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

203. Unless restrained, Kurylin will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Kurylin's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled

to injunctive relief pursuant to 15 U.S.C. § 1116.  Accordingly, Plaintiff seeks injunctive relief against Kurylin for his misconduct.

<strong>As Against Eckhout</strong>

204.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 183-184, inclusive as though fully set forth herein.

205.    Upon information and belief, Defendant Eckhout, through the company in her control (Defendant Selfie Museum) has actively and knowingly directed Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

206.    Eckhout actively and knowingly directed Defendant Selfie Museum's use of the "SELFIE MUSEUM" name and/or deceptively and confusingly similar variations of the Museum of Selfies Mark constitutes passing off, infringement, and misappropriation of the Museum of Selfies Mark, in violation of 15 U.S.C. §1125(a).

207.    As a result of Selfie Museum's "passing off", Eckhout is profiting, with minimal costs to herself, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

208.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

209.    Eckhout's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark. Eckhout in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

210. Unless restrained, Eckhout will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Eckhout's conduct, if allowed to continue, would inevitably result in damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Eckhout for her misconduct.

**As Against Benchak**

211. Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 183-184, inclusive as though fully set forth herein.

212. Upon information and belief, Defendant Benchak, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's wrongful activities despite knowing of Plaintiff's rights.

213. Benchak actively and knowingly directed Defendant Miami Selfie's use of the "SELFIE MUSEUM" name and/or deceptively and confusingly similar variations of the Museum of Selfies Mark constitutes passing off, infringement, and misappropriation of the Museum of Selfies Mark, in violation of 15 U.S.C. §1125(a).

214. As a result of Miami Selfie's "passing off", Benchak is profiting, with minimal costs to himself, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark. Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

215.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

216.    Benchak's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Benchak in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

217.  Unless restrained, Benchak will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Benchak's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.  Accordingly, Plaintiff seeks injunctive relief against Benchak for his misconduct.

**As Against Butenko**

218.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 183-184, inclusive as though fully set forth herein.

219.    Upon information and belief, Defendant Butenko, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's wrongful activities despite knowing of Plaintiff's rights.

220.    Butenko actively and knowingly directed Defendant Miami Selfie's use of the "SELFIE MUSEUM" name and/or deceptively and confusingly similar variations of the Museum

of Selfies Mark constitutes passing off, infringement, and misappropriation of the Museum of Selfies Mark, in violation of 15 U.S.C. §1125(a).

221.    As a result of Miami Selfie's "passing off", Butenko is profiting, with minimal costs to himself, from the considerable expenditures of effort, time and money that Plaintiff has invested in developing its Museum of Selfies Mark.  Upon information and belief, such use has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

222.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

223.    Butenko's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Butenko in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful conduct.

224.    Unless restrained, Butenko will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Butenko's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.  Accordingly, Plaintiff seeks injunctive relief against Butenko for his misconduct.

## FIFTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement**

**and Unfair Competition as to all Defendants)**

225.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43, inclusive as though fully set forth herein.

226.     Plaintiff is the owner of the valid and protectable Museum of Selfies Mark because Plaintiff has expended time, effort, and money promoting its museum(s), museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

### As Against Selfie Museum

227.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 225-226, inclusive as though fully set forth herein.

228.     Defendant Selfie Museum's actions and conduct as alleged herein constitute unfair competition under Florida common law.

229.     Selfie Museum's actions and conduct in adopting and using the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in Florida is likely to cause confusion, to cause mistake, and to deceive consumers as to the source of origin of MUSEUM OF SELFIES' museum(s), museum services, and art exhibits and constitutes trademark infringement under Florida common law.

230.     Selfie Museum has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

231.     Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by Selfie Museum's acts in violation of Florida common law, entitling Plaintiff to injunctive relief.

**As Against Miami Selfie**

232.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 225-226, inclusive as though fully set forth herein.

233.    Defendant Miami Selfie's actions and conduct as alleged herein constitute unfair competition under Florida common law

234.    Miami Selfie's actions and conduct in adopting and using the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in Florida is likely to cause confusion, to cause mistake, and to deceive consumers as to the source of origin of MUSEUM OF SELFIES' museum(s), museum services, and art exhibits and constitutes trademark infringement under Florida common law.

235.    Miami Selfie has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

236.    Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by Miami Selfie's acts in violation of Florida common law, entitling Plaintiff to injunctive relief.

**As Against Kurylin**

237.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 225-226, inclusive as though fully set forth herein.

238.    Upon information and belief, Defendant Kurylin, through the companies in his control (Defendant Selfie Museum and Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's and Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

239.     Defendant Kurylin's active and knowing direction of Selfie Museum's and Miami Selfie's actions and conduct as alleged herein constitute unfair competition under Florida common law

240.     Defendant Kurylin's active and knowing direction of Selfie Museum's and Miami Selfie's actions and conduct in adopting and using the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in Florida is likely to cause confusion, to cause mistake, and to deceive consumers as to the source of origin of MUSEUM OF SELFIES' museum(s), museum services, and art exhibits and constitutes trademark infringement under Florida common law.

241.     Defendant Kurylin's active and knowing direction of Selfie Museum's and Miami Selfie's actions has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

242.     Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by Kurylin's acts in violation of Florida common law, entitling Plaintiff to injunctive relief.

**As Against Eckhout**

243.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 225-226, inclusive as though fully set forth herein.

244.     Upon information and belief, Defendant Eckhout, through the company in her control (Defendant Selfie Museum) has actively and knowingly directed Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

245.     Defendant Eckhout's active and knowing direction of Selfie Museum's actions and conduct as alleged herein constitute unfair competition under Florida common law

246.    Defendant Eckhout's active and knowing direction of Selfie Museum's actions and conduct in adopting and using the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in Florida is likely to cause confusion, to cause mistake, and to deceive consumers as to the source of origin of MUSEUM OF SELFIES' museum(s), museum services, and art exhibits and constitutes trademark infringement under Florida common law.

247.    Defendant Eckhout's active and knowing direction of Selfie Museum's actions has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

248.    Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by Eckhout's acts in violation of Florida common law, entitling Plaintiff to injunctive relief.

**As Against Benchak**

249.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 225-226, inclusive as though fully set forth herein.

250.    Upon information and belief, Defendant Benchak, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

251.    Defendant Benchak's active and knowing direction of Miami Selfie's actions and conduct as alleged herein constitute unfair competition under Florida common law

252.    Defendant Benchak's active and knowing direction of Miami Selfie's actions and conduct in adopting and using the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in Florida is likely to cause

confusion, to cause mistake, and to deceive consumers as to the source of origin of MUSEUM OF SELFIES' museum(s), museum services, and art exhibits and constitutes trademark infringement under Florida common law.

253.    Defendant Benchak's active and knowing direction of Miami Selfie's actions has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

254.    Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by Benchak's acts in violation of Florida common law, entitling Plaintiff to injunctive relief.

**As Against Butenko**

255.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 225-226, inclusive as though fully set forth herein.

256.    Upon information and belief, Defendant Butenko, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

257.    Defendant Butenko's active and knowing direction of Miami Selfie's actions and conduct as alleged herein constitute unfair competition under Florida common law

258.    Defendant Butenko's active and knowing direction of Miami Selfie's actions and conduct in adopting and using the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in Florida is likely to cause confusion, to cause mistake, and to deceive consumers as to the source of origin of MUSEUM OF SELFIES' museum(s), museum services, and art exhibits and constitutes trademark infringement under Florida common law.

259.    Defendant Butenko's active and knowing direction of Miami Selfie's actions has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

260.    Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by Butenko's acts in violation of Florida common law, entitling Plaintiff to injunctive relief.

## SIXTH CLAIM FOR RELIEF

### (Violation of Florida's Deceptive and Unfair Trade Practices Act

### "FDUTPA", § 501.201 et seq. as to all Defendants)

261.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43, inclusive as though fully set forth herein.

262.    This Court has the authority to remedy acts of trademark infringement unfair competition in violation of the statutory and common law of the State of Florida.

263.    Plaintiff is the owner of the valid and protectable Museum of Selfies Mark because Plaintiff also expended time, effort, and money promoting its museum(s), museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

### As Against Selfie Museum

264.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 261-263, inclusive as though fully set forth herein.

265.    By virtue of Defendant Selfie Museum's acts, Selfie Museum has violated FDUTPA § 501.201, et seq.  By committing the acts herein alleged, Selfie Museum made a

representation, omission, or practice that is likely to mislead consumers (who were acting reasonably in the circumstances), to the consumer's detriment and to the detriment of Plaintiff.

266.    Plaintiff suffered an injury in fact to a legally protected interest as a direct result of Selfie Museum's actions, and the deceptive or unfair trade practice caused actual damages or losses to the Plaintiff as alleged herein.

267.    Selfie Museum's deceptive or unfair trade practice include the adoption of and use in commerce in the State of Florida the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in connection with Selfie Museum's museum(s), museum services, and art exhibits, Selfie Museum has unfairly appropriated the Museum of Selfies Mark in this District and the reputation and goodwill associated therewith.

268.    Selfie Museum's use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark for museum(s), museum services, and art exhibits constitutes, constitute among other things, unfair competition, infringement of unregistered federal trademark, false designation of origin, false sponsorship, passing off the distinctive quality of the Museum of Selfies Mark, and infringement of common law trademarks, and injury to Plaintiff's reputation.  On information and belief, Plaintiff alleges that Selfie Museum's acts have been carried out in bad faith with full knowledge of Plaintiff's valuable rights in the Museum of Selfies Mark.

269.    Selfie Museum's acts of unfair competition have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's Museum of Selfies Mark, as well as to Plaintiff's business goodwill, and reputation.  Selfie Museum's actions, if not enjoined, will continue through the same channels of trade used by Plaintiff and to the same customers targeted

by Plaintiff.  Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

270.    As a result of Selfie Museum's acts of unfair competition, Plaintiff is entitled to actual damages in an amount to be proven at trial consisting of, among other things, actual diversion of its trade and diminution in the value of goodwill associated with the Museum of Selfies Mark, which entitles Plaintiff to damages.

**As Against Miami Selfie**

271.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 261-263, inclusive as though fully set forth herein.

272.    By virtue of Defendant Miami Selfie's acts, Miami Selfie has violated FDUTPA § 501.201, et seq.  By committing the acts herein alleged, Miami Selfie made a representation, omission, or practice that is likely to mislead consumers (who were acting reasonably in the circumstances), to the consumer's detriment and to the detriment of Plaintiff.

273.    Plaintiff suffered an injury in fact to a legally protected interest as a direct result of Miami Selfie's actions, and the deceptive or unfair trade practice caused actual damages or losses to the Plaintiff as alleged herein.

274.    Miami Selfie's deceptive or unfair trade practice include the adoption of and use in commerce in the State of Florida the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in connection with Miami Selfie's museum(s), museum services, and art exhibits, Miami Selfie has unfairly appropriated the Museum of Selfies Mark in this District and the reputation and goodwill associated therewith.

275.    Miami Selfie's use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark for museum(s), museum services,

and art exhibits constitutes, constitute among other things, unfair competition, infringement of unregistered federal trademark, false designation of origin, false sponsorship, passing off the distinctive quality of the Museum of Selfies Mark, and infringement of common law trademarks, and injury to Plaintiff's reputation. On information and belief, Plaintiff alleges that Miami Selfie's acts have been carried out in bad faith with full knowledge of Plaintiff's valuable rights in the Museum of Selfies Mark.

276.    Miami Selfie's acts of unfair competition have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's Museum of Selfies Mark, as well as to Plaintiff's business goodwill, and reputation. Miami Selfie's actions, if not enjoined, will continue through the same channels of trade used by Plaintiff and to the same customers targeted by Plaintiff. Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

277.    As a result of Miami Selfie's acts of unfair competition, Plaintiff is entitled to actual damages in an amount to be proven at trial consisting of, among other things, actual diversion of its trade and diminution in the value of goodwill associated with the Museum of Selfies Mark, which entitles Plaintiff to damages.

**As Against Kurylin**

278.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 261-263, inclusive as though fully set forth herein.

279.    Upon information and belief, Defendant Kurylin, through the companies in his control (Defendant Selfie Museum and Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's and Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

280.    By virtue of Defendant Kuylin's active and knowing direction of Selfie Museum and Miami Selfie's acts, Kurylin has violated FDUTPA § 501.201, et seq.  By committing the acts herein alleged, Kurylin actively and knowingly directed Selfie Museum and Miami Selfie to make a representation, omission, or practice that is likely to mislead consumers (who were acting reasonably in the circumstances), to the consumer's detriment and to the detriment of Plaintiff.

281.    Plaintiff suffered an injury in fact to a legally protected interest as a direct result of Kurylin's actions, and the deceptive or unfair trade practice caused actual damages or losses to the Plaintiff as alleged herein.

282.    Kurylin's deceptive or unfair trade practice include the adoption of and use in commerce in the State of Florida the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in connection with Selfie Museum's and Miami Selfie's museum(s), museum services, and art exhibits, Kurylin has unfairly appropriated the Museum of Selfies Mark in this District and the reputation and goodwill associated therewith.

283.    Kurylin's active and knowing direction of Selfie Museum's and Miami Selfie's use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark for museum(s), museum services, and art exhibits constitutes, constitute among other things, unfair competition, infringement of unregistered federal trademark, false designation of origin, false sponsorship, passing off the distinctive quality of the Museum of Selfies Mark, and infringement of common law trademarks, and injury to Plaintiff's reputation. On information and belief, Plaintiff alleges that Kurylin's acts have been carried out in bad faith with full knowledge of Plaintiff's valuable rights in the Museum of Selfies Mark.

284.    Kurylin's acts of unfair competition have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's Museum of Selfies Mark, as well as to Plaintiff's business goodwill, and reputation.  Kurylin's actions, if not enjoined, will continue through the same channels of trade used by Plaintiff and to the same customers targeted by Plaintiff.  Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

285.    As a result of Kurylin's acts of unfair competition, Plaintiff is entitled to actual damages in an amount to be proven at trial consisting of, among other things, actual diversion of its trade and diminution in the value of goodwill associated with the Museum of Selfies Mark, which entitles Plaintiff to damages.

**As Against Eckhout**

286.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 261-263, inclusive as though fully set forth herein.

287.    Upon information and belief, Defendant Eckhout, through the company in her control (Defendant Selfie Museum) has actively and knowingly directed Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

288.    By virtue of Defendant Eckhout's active and knowing direction of Selfie Museum's acts, Eckhout has violated FDUTPA § 501.201, et seq.  By committing the acts herein alleged, Eckhout actively and knowingly directed Selfie Museum to make a representation, omission, or practice that is likely to mislead consumers (who were acting reasonably in the circumstances), to the consumer's detriment and to the detriment of Plaintiff.

289.     Plaintiff suffered an injury in fact to a legally protected interest as a direct result of Eckhout's actions, and the deceptive or unfair trade practice caused actual damages or losses to the Plaintiff as alleged herein.

290.     Eckhout's deceptive or unfair trade practice include the adoption of and use in commerce in the State of Florida the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in connection with Selfie Museum's museum(s), museum services, and art exhibits, Eckhout has unfairly appropriated the Museum of Selfies Mark in this District and the reputation and goodwill associated therewith.

291.     Eckhout's active and knowing direction of Selfie Museum's use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark for museum(s), museum services, and art exhibits constitutes, constitute among other things, unfair competition, infringement of unregistered federal trademark, false designation of origin, false sponsorship, passing off the distinctive quality of the Museum of Selfies Mark, and infringement of common law trademarks, and injury to Plaintiff's reputation.  On information and belief, Plaintiff alleges that Eckhout's acts have been carried out in bad faith with full knowledge of Plaintiff's valuable rights in the Museum of Selfies Mark.

292.     Eckhout's acts of unfair competition have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's Museum of Selfies Mark, as well as to Plaintiff's business goodwill, and reputation.  Eckhout's actions, if not enjoined, will continue through the same channels of trade used by Plaintiff and to the same customers targeted by Plaintiff.  Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

293.     As a result of Eckhout's acts of unfair competition, Plaintiff is entitled to actual damages in an amount to be proven at trial consisting of, among other things, actual diversion of its trade and diminution in the value of goodwill associated with the Museum of Selfies Mark, which entitles Plaintiff to damages.

**As Against Benchak**

294.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 261-263, inclusive as though fully set forth herein.

295.     Upon information and belief, Defendant Benchak, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's wrongful activities despite knowing of Plaintiff's rights.

296.     By virtue of Defendant Benchak's active and knowing direction of Miami Selfie's acts, Benchak has violated FDUTPA § 501.201, et seq.  By committing the acts herein alleged, Benchak actively and knowingly directed Miami Selfie to make a representation, omission, or practice that is likely to mislead consumers (who were acting reasonably in the circumstances), to the consumer's detriment and to the detriment of Plaintiff.

297.     Plaintiff suffered an injury in fact to a legally protected interest as a direct result of Benchak's actions, and the deceptive or unfair trade practice caused actual damages or losses to the Plaintiff as alleged herein.

298.     Benchak's deceptive or unfair trade practice include the adoption of and use in commerce in the State of Florida the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in connection with Miami Selfie's museum(s), museum services, and art exhibits, Benchak has unfairly appropriated the Museum of Selfies Mark in this District and the reputation and goodwill associated therewith.

299.    Benchak's active and knowing direction of Miami Selfie's use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark for museum(s), museum services, and art exhibits constitutes, constitute among other things, unfair competition, infringement of unregistered federal trademark, false designation of origin, false sponsorship, passing off the distinctive quality of the Museum of Selfies Mark, and infringement of common law trademarks, and injury to Plaintiff's reputation.  On information and belief, Plaintiff alleges that Benchak's acts have been carried out in bad faith with full knowledge of Plaintiff's valuable rights in the Museum of Selfies Mark.

300.    Benchak's acts of unfair competition have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's Museum of Selfies Mark, as well as to Plaintiff's business goodwill, and reputation.  Benchak's actions, if not enjoined, will continue through the same channels of trade used by Plaintiff and to the same customers targeted by Plaintiff.  Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

301.    As a result of Benchak's acts of unfair competition, Plaintiff is entitled to actual damages in an amount to be proven at trial consisting of, among other things, actual diversion of its trade and diminution in the value of goodwill associated with the Museum of Selfies Mark, which entitles Plaintiff to damages.

**As Against Butenko**

302.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 261-263, inclusive as though fully set forth herein.

303.    Upon information and belief, Defendant Butenko, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's wrongful activities despite knowing of Plaintiff's rights.

304.    By virtue of Defendant Butenko's active and knowing direction of Miami Selfie's acts, Butenko has violated FDUTPA § 501.201, et seq.  By committing the acts herein alleged, Butenko actively and knowingly directed Miami Selfie to make a representation, omission, or practice that is likely to mislead consumers (who were acting reasonably in the circumstances), to the consumer's detriment and to the detriment of Plaintiff.

305.    Plaintiff suffered an injury in fact to a legally protected interest as a direct result of Butenko's actions, and the deceptive or unfair trade practice caused actual damages or losses to the Plaintiff as alleged herein.

306.    Butenko's deceptive or unfair trade practice include the adoption of and use in commerce in the State of Florida the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark in connection with Miami Selfie's museum(s), museum services, and art exhibits, Butenko has unfairly appropriated the Museum of Selfies Mark in this District and the reputation and goodwill associated therewith.

307.    Butenko's active and knowing direction of Miami Selfie's use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark for museum(s), museum services, and art exhibits constitutes, constitute among other things, unfair competition, infringement of unregistered federal trademark, false designation of origin, false sponsorship, passing off the distinctive quality of the Museum of Selfies Mark, and infringement of common law trademarks, and injury to Plaintiff's reputation.  On information and

belief, Plaintiff alleges that Butenko's acts have been carried out in bad faith with full knowledge of Plaintiff's valuable rights in the Museum of Selfies Mark.

308.    Butenko's acts of unfair competition have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's Museum of Selfies Mark, as well as to Plaintiff's business goodwill, and reputation.  Butenko's actions, if not enjoined, will continue through the same channels of trade used by Plaintiff and to the same customers targeted by Plaintiff.  Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

309.    As a result of Butenko's acts of unfair competition, Plaintiff is entitled to actual damages in an amount to be proven at trial consisting of, among other things, actual diversion of its trade and diminution in the value of goodwill associated with the Museum of Selfies Mark, which entitles Plaintiff to damages.

## SEVENTH CLAIM FOR RELIEF

**(Contributory Trademark Infringement as to Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout)**

310.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43, inclusive as though fully set forth herein.

311.    Plaintiff owns and first used the registered Museum of Selfies Mark on April 1, 2018 and has continuously used the Museum of Selfies Mark since that time and expanded upon its use through several locations in the United States.

312.    The Museum of Selfies Mark is valid and protectable because Plaintiff has expended time, effort, and money promoting its museum, museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a

designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive such that the Museum of Selfies Mark has acquired "secondary meaning."

### As Against Selfie Museum

313.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 310-312, inclusive as though fully set forth herein.

314.    Upon information and belief, Defendant Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendants; (b) the affiliation, connection, and association of Plaintiff with Defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

315.    Upon information and belief, Defendants Selfie Museum, through the active and knowing direction of individuals Kurylin, Benchak, Butenko, and Eckhout, supplied a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie, a license that Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout actively and knowingly granted despite the fact that practice of the license would directly infringe Plaintiff's rights to the Museum of Selfies Mark.

316.    In the alternative, upon information and belief, Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout intentionally induced Defendant Miami Selfie and Selfie Museum Licensees to commit infringement by supplying a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie, with the knowledge that Miami Selfie would directly infringe Plaintiff's rights to the Museum of Selfies Mark.

317.    Upon information and belief, such conduct has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

318.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

319.    Selfie Museum's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Selfie Museum in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

320.    Unless restrained, Selfie Museum will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Selfie Museum's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Selfie Museum for its misconduct.

**As Against Kurylin**

321.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 310-312, inclusive as though fully set forth herein.

322.    Upon information and belief, Defendant Kurylin, through the companies in his control (Defendant Selfie Museum and Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's and Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

323.     Upon information and belief, Defendant Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendants; (b) the affiliation, connection, and association of Plaintiff with Defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

324.     Upon information and belief, Defendants Selfie Museum, through the active and knowing direction of individuals Kurylin, Benchak, Butenko, and Eckhout, supplied a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie, a license that Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout actively and knowingly granted despite the fact that practice of the license would directly infringe Plaintiff's rights to the Museum of Selfies Mark.

325.     In the alternative, upon information and belief, Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout intentionally induced Defendant Miami Selfie and Selfie Museum Licensees to commit infringement by supplying a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie , with the knowledge that Miami Selfie would directly infringing Plaintiff's rights to the Museum of Selfies Mark.

326.     Upon information and belief, such conduct has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

327.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

328.     Kurylin's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Kurylin in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

329.     Unless restrained, Kurylin will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Kurylin's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Kurylin for his misconduct.

**As Against Eckhout**

330.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 310-312, inclusive as though fully set forth herein.

331.     Upon information and belief, Defendant Eckhout, through the company in her control (Defendant Selfie Museum) has actively and knowingly directed Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

332.     Upon information and belief, Defendant Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendants; (b) the affiliation, connection, and association of Plaintiff with Defendants; and (c) Plaintiff's sponsorship, approval, and/or control

of the services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

333.    Upon information and belief, Defendants Selfie Museum, through the active and knowing direction of individuals Kurylin, Benchak, Butenko, and Eckhout, supplied a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie, a license that Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout actively and knowingly granted despite the fact that practice of the license would directly infringe Plaintiff's rights to the Museum of Selfies Mark.

334.    In the alternative, upon information and belief, Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout intentionally induced Defendant Miami Selfie and Selfie Museum Licensees to commit infringement by supplying a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie, with the knowledge that Miami Selfie would directly infringing Plaintiff's rights to the Museum of Selfies Mark.

335.    Upon information and belief, such conduct has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

336.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

337.    Eckhout's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Eckhout in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

338.     Unless restrained, Eckhout will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Eckhout's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Eckhout for her misconduct.

**As Against Benchak**

339.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 310-312, inclusive as though fully set forth herein.

340.     Upon information and belief, Defendant Benchak, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's and Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

341.     Upon information and belief, Defendant Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendants; (b) the affiliation, connection, and association of Plaintiff with Defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

342.     Upon information and belief, Defendants Selfie Museum, through the active and knowing direction of individuals Kurylin, Benchak, Butenko, and Eckhout, supplied a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie, a license that

Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout actively and knowingly granted despite the fact that practice of the license would directly infringe Plaintiff's rights to the Museum of Selfies Mark.

343.    In the alternative, upon information and belief, Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout intentionally induced Defendant Miami Selfie and Selfie Museum Licensees to commit infringement by supplying a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie , with the knowledge that Miami Selfie would directly infringing Plaintiff's rights to the Museum of Selfies Mark.

344.    Upon information and belief, such conduct has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

345.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

346.    Benchak's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Benchak in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

347.    Unless restrained, Benchak will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Benchak's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled

to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Benchak for his misconduct.

**As Against Butenko**

348.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43 and 310-312, inclusive as though fully set forth herein.

349.    Upon information and belief, Defendant Butenko, through the company in his control (Defendant Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's and Defendant Selfie Museum's wrongful activities despite knowing of Plaintiff's rights.

350.    Upon information and belief, Defendant Miami Selfie's unauthorized use of the "SELFIE MUSEUM" name and/or substantially and confusingly similar variations of the Museum of Selfies Mark is likely to cause likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendants; (b) the affiliation, connection, and association of Plaintiff with Defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

351.    Upon information and belief, Defendants Selfie Museum, through the active and knowing direction of individuals Kurylin, Benchak, Butenko, and Eckhout, supplied a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie, a license that Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout actively and knowingly granted despite the fact that practice of the license would directly infringe Plaintiff's rights to the Museum of Selfies Mark.

352.    In the alternative, upon information and belief, Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout intentionally induced Defendant Miami Selfie and Selfie

Museum Licensees to commit infringement by supplying a license to purported trademark rights to "SELFIE MUSEUM" to Defendant Miami Selfie, with the knowledge that Miami Selfie would directly infringing Plaintiff's rights to the Museum of Selfies Mark.

353.    Upon information and belief, such conduct has damaged the reputation, recognition and goodwill of Plaintiff and its Museum of Selfies Mark.

354.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116-1117, *et seq.*, including but not limited to damages, exemplary damages, attorney's fees and injunctive relief.

355.    Butenko's foregoing actions were taken with actual notice and knowledge of Plaintiff's rights in the Museum of Selfies Mark.  Butenko in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Plaintiff is entitled to treble damages and attorney's fees for the willful infringement.

356.    Unless restrained, Butenko will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, goodwill, and customer base, and Butenko's conduct, if allowed to continue, would inevitably result in damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Accordingly, Plaintiff seeks injunctive relief against Butenko for his misconduct.

## EIGHTH CLAIM FOR RELIEF

### (Declaratory Judgment of Trademark Rights As Against Selfie Museum)

357.    Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-43, inclusive as though fully set forth herein.

358.    An actual and justiciable case and controversy exists between Plaintiff and Defendant Selfie Museum as to whether the Museum of Selfies Mark has acquired secondary meaning based on Selfie Museum's Opposition that alleges that the Museum of Selfies Mark "has not acquired distinctiveness and is instead merely descriptive of [Plaintiff's] Services."

359.    The Museum of Selfies Mark has acquired "secondary meaning" because Plaintiff has expended time, effort, and money promoting its museum, museum services, and art exhibits under the Museum of Selfies Mark, which has come to be exclusively recognized by consumers as a designation of Plaintiff's museum(s), museum services, and art exhibits and have become distinctive.  Evidence of "secondary meaning" includes evidence submitted to the USPTO that resulted in the USPTO's notice to Plaintiff that it determined the Museum of Selfies Mark was entitled to publication on the Principal Register on August 26, 2021.

360.    Thus, declaratory judgment that the Museum of Selfies Mark has acquired secondary meaning is appropriate.

361.    For all the foregoing reasons, Plaintiff is entitled to a declaration from this Court that Plaintiff has acquired secondary meaning in the Museum of Selfies Mark and is the exclusive owner of the Museum of Selfies Mark, and is entitled to a Declaratory Judgment containing declaring and decreeing Plaintiff's exclusive trademark rights in the Museum of Selfies Mark.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

A.    That Plaintiff has acquired secondary meaning in the Museum of Selfies Mark and is the exclusive owner of the Museum of Selfies Mark, and Plaintiff has exclusive trademark rights in the Museum of Selfies Mark;

B.      That Plaintiff be granted injunctive relief under 15 U.S.C. § 1116 *et seq.* (herein after the "Lanham Act"); FDUTPA § 501.201, *et seq.*; and federal law and Florida common law of trademark infringement and unfair competition; specifically, that Defendants and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other person acting in concert with them be enjoined from:

   1.      directly and contributorily using the Museum of Selfies Mark, or any confusingly similar name to MUSEUM OF SELFIES, in connection with marketing, promotion, advertising, sale, or distribution of any services;

   2.      directly and contributorily engaging in promotions of museum, museum services, or art exhibits having the words "SELFIE MUSEUM" in its name;

   3.      directly and contributorily causing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation or distribution of museum, museum services, and art exhibits having the words "SELFIE MUSEUM" in its name;

C.      That Defendants file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

D.      That Defendants be adjudged to have violated 15 U.S.C. § 1114(1) and Florida Common Law by infringing the trademark "MUSEUM OF SELFIES";

E.      That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false designation of origin, false sponsorship, and passing off

of services and/or products having "SELFIE MUSEUM" in the name of their services and/or products;

      F.     The Defendants be adjudged to unlawfully and unfairly compete against Plaintiff under the laws of the State of Florida, FDUTPA § 501.201, *et seq.*;

      G.     That Plaintiff be awarded Defendants' profits derived by reason of said acts, in the amount of $750,000, or an amount as proven at trial, as determined by said accounting;

      H.     That such damages and profits be trebled and awarded to Plaintiff under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

      I.     That Plaintiff be awarded actual damages in an amount sufficient to compensate it for the damage caused by Defendants' unfair competition;

      J.     That Plaintiff be granted a declaration from this Court that Plaintiff has acquired secondary meaning in the Museum of Selfies Mark and is the exclusive owner of the Museum of Selfies Mark, and is entitled to a Declaratory Judgment containing declaring and decreeing Plaintiff's exclusive trademark rights in the Museum of Selfies Mark;

      J.     That Plaintiff be granted prejudgment and post judgment interest;

      K.     That Plaintiff be granted costs and attorney's fees associated with the prosecution of this action; and

      L.     That Plaintiff be granted such further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby exercises its right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demands a jury trial in accordance therewith.

DATED: April 14, 2022                    **TROJAN LAW OFFICES**

R. Joseph Trojan, Esq. (*pro hac vice*)
Lan C. Dang, Esq. (*pro hac vice*)
Francis Wong, Esq. (*pro hac vice*)
*Counsel for Plaintiff*
*trojan@trojanlawoffices.com*
9250 Wilshire Blvd., Ste. 325
Beverly Hills, California 90212
Phone: (310) 777-8399; Facsimile: (310) 777-8348

**REINER & REINER, P.A.**
*Counsel for Plaintiff*
*dpr@reinerslaw.com*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Phone: (305) 670-8282; Facsimile: (305) 670-8989

By: _____
**DAVID P. REINER, II**; FBN 416400

## <u>CERTIFICATE OF SERVICE</u>

    *I HEREBY CERTIFY that on April 14, 2022, I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

                           **REINER & REINER, P.A.**
                           *Counsel for Plaintiff*
                           *dpr@reinerslaw.com; eservice@reinerslaw.com*
                           9100 South Dadeland Boulevard, Suite 901
                           Miami, Florida   33156-7815
                           Phone: (305) 670-8282; Facsimile: (305) 670-8989

                           By: _____
                           **DAVID P. REINER, II**; FBN 416400