UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-20233-BB

MUSEUM OF SELFIES INC.,
a California corporation,

    Plaintiff,

v.

MIAMI SELFIE, LLC, a Florida Limited
Liability Company; SELFIE MUSEUM, LLC,
a Colorado Limited Liability Company;
OLEKSII KURYLIN, an individual;
ANDRII BUTENKO, an individual; IGOR
BENCHAK, an individual; and MARY
ECKHOUT, an individual,

    Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

    Defendants Miami Selfie, LLC, Selfie Museum, LLC, Oleksii Kurylin, Andrii Butenko, Igor Benchak, and Mary Eckhout (collectively, "Defendants") submit their Reply in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion to Dismiss") and respectfully maintain their request for this Court to dismiss proceedings in this action. In support thereof, Defendants respectfully refer the Court to the following Memorandum of Law:

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

    Plaintiff's First Amended Complaint "(FAC)" is simply its original Complaint in triplicate – it has replicated the same, conclusory allegations against the individual Defendants multiple times, thereby causing the complaint to be longer but no more specific than the original. Plaintiff's

original Complaint suffered from the critical deficiency of failing to give Defendants adequate notice of the claims against them. Their FAC contains the same deficiencies. The deficiencies in the original Complaint were not a result of it being too short. The claims were deficient because they did not include *the grounds* upon which each claim rests, which is specifically required under 11th Circuit law. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted).

On April 3, 2022, the Court entered an order dismissing Plaintiff's original Complaint, concluding that it was an impermissible shotgun pleading (the "Dismissal Order"). ECF No. 38. The Court held that Plaintiff had failed to allege that the individual Defendants had knowledge of the infringement and that any of them actively participated in the decision to engage in the infringing acts. (Dismissal Order at p. 10). It also found that "the claims against each Defendant and the grounds upon which each claim rests are unclear." (Dismissal Order at p. 9). The Court then provided Plaintiff "one opportunity to rectify its pleading in keeping with the [Dismissal] Order." (Dismissal Order at p. 16).

Plaintiff filed the FAC on April 14, 2022. ECF No. 39. Defendants again moved to dismiss the FAC because it remains an impermissible shotgun pleading under Fed. R. Civ. P. 12(b)(6). Instead of substantiating its claims with specific, factual context, Plaintiff has merely re-deposited, essentially verbatim, the same conclusory allegations over and over for the different Defendants. Notably, all of the new allegations stem from the Plaintiff's non-specific "information and belief." In the Eleventh Circuit, conclusory allegations made upon information and belief are not entitled to a presumption of truth. Nevertheless, Plaintiff's tactic – which has failed to remedy the Court's concerns – transformed the Complaint from a shotgun pleading containing 101 allegations into a shotgun pleading containing 361 allegations. In other words, Plaintiff simply added more pellets

to its shotgun pleading, but to survive dismissal, it needed to allege specific, colorable facts that made it *less* scattershot.

Similarly, the FAC has again failed to plead individual liability for trademark infringement. Plaintiff named Defendants Kurylin, Eckhout, Benchak, and Butenko as individually liable for nearly ten claims. Yet, despite being given two chances, Plaintiff has failed to establish that these individuals had actual notice and knowledge of Plaintiff's rights. The FAC copies and pastes a conclusory allegation that each individual Defendant "actively and knowingly" directed the corporate Defendants' activities. But like the rest of Plaintiff's additional allegations, these are made "upon information and belief." Therefore, even if Plaintiff's shotgun pleading is allowed to stand against Defendants Selfie Museum and Miami Selfie, it should be dismissed as to individual Defendants Kurylin, Eckhout, Benchak, and Butenko.

## II.   LEGAL STANDARD

"The district court[] [has] inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "Rule 8(a)(2) requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (internal quotations omitted). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shot pleadings.'" *Id.* "[S]hotgun pleadings . . . fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc.*, 878 F.3d at 1295. "They waste scarce judicial resources, 'inexorably broaden[] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[] the public's respect for

the courts.'"  *Id.* (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 & n.54 (11th Cir. 2008) *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (alterations in original)).

### III.  ARGUMENT

In its opposition to the Defendants' renewed motion to dismiss (the "Response"), the Plaintiff argues that the FAC is no longer a shotgun pleading because it "separately alleges each count for each Defendant" and it "alleges specific facts against each Defendant". (Response at pp. 3-9).  Plaintiff also argues that the FAC now properly pleads individual liability for trademark infringement.  (Response at pp. 12-17).  But a close review of the FAC reveals that Plaintiff's additional allegations fail to remedy the problems described in the Dismissal Order – it is still a shotgun pleading, and it still fails to plead individual liability for trademark infringement.

### A.  **The FAC Remains Subject to Dismissal as a Shotgun Pleading.**

In its Dismissal Order, the Court held that the original Complaint was a shotgun pleading because it failed "to give fair notice to each of the Defendants the claims against them *and grounds upon which each claim rests*."  (Dismissal Order at p. 9) (emphasis added).  Nothing has changed in the FAC.

Apparently, Plaintiff believes that "specifying the grounds for its claims" simply means regurgitating the same non-specific, conclusory allegations against different Defendants with separate subheadings.  Critically, however, these scattershot amendments are *all* made in a conclusory fashion, without the specific factual allegations required by Rules 8(a) and 10(b).  Some level of specificity is required to meet the standards of FRCP 8(a)(2).  *See Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020).

The "specific" new allegations that Plaintiff added in the FAC all stem from conclusory

allegations that are made "upon information and belief". *See, e.g.*, Response at pp. 5-6, citing its new allegations in FAC ¶ 24 ("Plaintiff is informed and believes"); ¶ 25 ("Upon information and belief"); ¶ 32 ("Upon information and belief"); ¶ 33 ("Upon information and belief"); ¶ 34 ("Upon information and belief"); Response at 7-8, citing its new allegations in ¶ 29 ("Upon information and belief"); ¶ 30 ("Upon information and belief"); ¶ 36 ("Upon information and belief"); ¶ 37 ("Upon information and belief"); ¶ 38 ("Upon information and belief"); ¶ 39 ("Upon information and belief"). In the Eleventh Circuit, such allegations are not entitled to the presumption truth. For example, in *Magnum Construction Management, LLC v. WSP USA Solutions, Inc.*, the Court stated:

> Although 'information and belief pleading can sometimes survive a motion to dismiss . . . [where] a plaintiff . . . allege[s] specific facts to support a claim, [c]onclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the [plausibility] standard.

522 F.Supp.3d 1202, 1209 (S.D. Fla. 2021) (quoting *Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018)). Here, Plaintiff has failed to allege new factual support that allows it to comply with pleading standards.

In its Response, Plaintiff asserts that it made "sure that, for each relevant count, the allegations are specifically and separately directed to each defendant so that each defendant knows that claim is brought against it." (Response at p. 3). But the Dismissal Order required more than just a repetitive copy and paste endeavor of allegations made "upon information and belief"; it required that Plaintiff specify the *grounds for the claims* against each Defendant. Merely reciting the same conclusory statements throughout the FAC does not provide the factual context required by the Dismissal Order, and the FAC remains replete with collective allegations against the Defendants. The FAC simply does not provide sufficient information to allow the Defendants to

understand the underlying factual basis. Similarly, Plaintiff's new exhibits in the FAC are either website screen shots or a corporate annual report – none of which contain specific, factual information that substantiates the claims against the Defendants.

### B. The FAC Has Again Failed to Plead Individual Liability for Trademark Infringement.

The Dismissal Order also states that Plaintiff's original Complaint failed to allege that the individual Defendants actively and knowingly caused the infringement and, as a result, it failed to state a claim of individual liability for trademark infringement. (Dismissal Order at p. 11). Indeed, the Court rejected the conclusory allegations in the original Complaint purporting to establish the individual Defendants' actual notice and knowledge of Plaintiff's rights in the Museum of Selfies' mark. (Dismissal Order at pp. 10-11).

In the FAC, Plaintiff tries to cure these deficiencies by copying and pasting the exact same suite of allegations "as against" each individual Defendant. For example, for Defendant Kurylin, the FAC alleges: "Upon information and belief, Defendant Kurylin, through the companies in his control (Defendant Selfie Museum and Miami Selfie) has actively and knowingly directed Defendant Miami Selfie's and Defendant Selfie Museum's infringing activities despite knowing of Plaintiffs rights." (FAC ¶¶ 62-69). The FAC recites the exact same language "as against" Defendant Eckhout. (FAC ¶¶ 70-77). This tactic is unavailing.

As provided in the Dismissal Order, Plaintiff is required to allege that the individual Defendants had knowledge of the infringement and "actively participated as a moving force in the decision to engage in the infringing acts." (Dismissal Order at p. 10) (citations omitted). Indeed, personal liability does not attach unless the "individual actively and knowingly caused the infringement" such that he was a "moving, active, conscious force." *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, No. 09-61590-CIV, 2010 WL 2266023, at *4 (S.D. Fla. June 4, 2010).

Plaintiff fails to satisfy that standard. In its Response, Plaintiff insists that its inclusion of Defendants' roles as corporate governors equates to "active and knowing" participation. *See* Response at p. 8. But an individual's name on a corporate roster falls far short of constituting a fact showing that individual's active, conscious conduct to commit an act. Thus, Plaintiff's attempts to impute the individual defendants' roles in the companies onto their individual activity falls short, as that is precisely what the heightened standard for individuals is meant to avoid.

Oddly, Plaintiff states that it "is not required to make 'concrete allegations' against these individuals at the pleading stage." (Response at p. 12). But the law seems to dictate otherwise. *See, e.g.*, *Wholesale Stone, LLC v. Stone-Mart Marble & Travertine Group LLC*, 2014 WL 11906611, at *3 (S.D. Fla. Mar. 10, 2014) (concluding plaintiff included concrete allegations for individual liability of trademark infringement by including at least five facts tying the individual to infringement). Indeed, the "individual liability standard does not ask whether the individual participated or engaged in some infringing act; instead, it asks whether he actively participated as a moving force in the decision to engage in the infringing acts, or otherwise caused the infringement as a whole to occur." *See Coach Servs.*, 2010 WL 2266023, at *4. Plaintiff failed to plead such facts in the FAC.

   **C. The Defendants Oppose Any Further Requests to Amend the Complaint and Requests that the Court Consider Sanctions.**

The Dismissal Order concludes that "granting Plaintiff another opportunity to plead its claims against Defendants would not be futile, if Plaintiff can *specify the grounds* for its claims against *each* Defendant and allege *all of the necessary elements* for its trademark infringement claims against *individual* Defendants." (Dismissal Order at pp. 15-16) (emphasis added). For the reasons discussed herein, the FAC has failed to specify those grounds and a second attempt would be futile.

In its Response, Plaintiff has requested leave to amend its Complaint for the second time "to cure any shortcomings." (Response at pp. 17-18). Defendants oppose this request. Should the Court agree with the Defendants that the FAC is a shotgun pleading and thus subject to dismissal, the Defendants believe that such dismissal should be made with prejudice. In fact, in the Eleventh Circuit, when a plaintiff fails to cure a shotgun pleading in an amended complaint, "the court should strike his pleading, or depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

Plaintiff has been given ample time and opportunity to file a Complaint that (i) complies with the pleading standards in Rules 8(a) and 10(b); and (ii) alleges the individual Defendants actively and knowingly caused the infringement. Allowing Plaintiff yet a third opportunity to amend to cure its deficiencies would be futile. Thus, Defendants request that the Court deny Plaintiff's request for a second amendment to its Complaint.

IV.   **CONCLUSION**

Therefore, in accordance with the arguments and authority set forth herein, Defendants request that the Court DISMISS the First Amended Complaint as an improper shotgun pleading, and to further find that the First Amended Complaint fails to plead individual liability for trademark infringement.

DATED: June 2, 2022                                          Respectfully submitted,

                                                             THE BRICKELL IP GROUP, PLLC
                                                             1101 Brickell Avenue
                                                             South Tower, Suite 800
                                                             Miami FL, 33131
                                                             Tel: 305-728-8831
                                                             Fax: 305-428-2450

|  |  |
|---|---|
| By: | /Nicole Fundora/ |

Richard Guerra
Fla. Bar No. 689521
Email: rguerra@brickellip.com
Nicole Fundora
Fla. Bar No. 1010231
Email: nfundora@brickellip.com

Amanda Milgrom (*pro hac vice*)
Lindsey Brown (*pro hac vice*)
MILGROM & DASKAM
1550 Larimer Street, #503
Denver, Colorado 80202
Tel: 303-900-3804
amanda.milgrom@milgromlaw.com
lindsey.brown@milgromlaw.com

*Attorneys for Defendants*