**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-cv-20233-BLOOM/Otazo-Reyes

MUSEUM OF SELFIES, INC.,

    Plaintiff,

v.

MIAMI SELFIE, LLC,
SELFIE MUSEUM, LLC,
OLEKSII KURYLIN,
ANDRII BUTENKO,
IGOR BENCHAK, and
MARY ECKHOUT,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendants Miami Selfie, LLC ("Miami Selfie"), Selfie Museum, LLC ("Selfie Museum"), Oleksii Kurylin ("Kurylin"), Andrii Butenko ("Butenko"), Igor Benchak ("Benchak"), and Mary Eckhout's ("Eckhout") (collectively, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. [42] ("Motion"). Plaintiff Museum of Selfies, Inc. ("Plaintiff") filed a Response in Opposition, ECF No. [49] ("Response"), to which Defendants filed a Reply, ECF No. [50] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part consistent with this Order.

    **I.**    **BACKGROUND**

Plaintiff filed its Complaint against Defendants on January 19, 2022. *See* ECF No. [1] ("Complaint"). On February 14, 2022, Defendants filed their first Motion to Dismiss, which the

Court granted. *See* ECF Nos. [28], [38]. Plaintiff subsequently filed a First Amended Complaint. *See* ECF No. [39] ("FAC"). According to the FAC, Defendant Kurylin is a manager for Miami Selfie and a governor of Selfie Museum. *See id.* ¶ 4. Defendant Benchak is a manager for Miami Selfie and a co-founder of Selfie Museum. *See id.* ¶ 5. Defendant Butenko is also a manager of Miami Selfie, and Defendant Eckhout is a governor of Selfie Museum. *See id.* ¶¶ 6, 7.

The Complaint asserts the following counts: (1) Trademark Infringement of Registered Mark Under 15 U.S.C. § 1114(1)) against all Defendants ("Count I"); (2) Unfair Competition by False Designation of Origin Under 15 U.S.C. § 1125(a)) against all Defendants ("Count II"); (3) False Endorsement Under Lanham Act 15 U.S.C. § 1125(a)) against all Defendants ("Count III"); Passing Off Under Lanham Act 15 U.S.C. § 1125(a) against all Defendants ("Count IV"); Common Law Trademark Infringement and Unfair Competition against all Defendants ("Count V"); Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), § 501.201 *et seq*. against all Defendants ("Count VI"); Contributory Trademark Infringement against Defendants Selfie Museum, Kurylin, Benchak, Butenko, and Eckhout ("Count VII"); and Declaratory Judgment of Trademark Rights against Selfie Museum ("Count VIII"). *See* ECF No. [39]. The basis for Plaintiff's claims is that Plaintiff is the owner of the Museum of Selfies Mark ("Mark"), and Defendants have intentionally copied the Mark by using the confusingly similar "SELFIE MUSEUM" name for art exhibitions and museum locations throughout the country. *See* ECF No. [39] ¶¶ 22, 28-31.

Defendants now seek to dismiss the FAC. *See* ECF No. [42]. They argue that the FAC is still a shotgun pleading and the FAC fails to allege individual liability for trademark infringement against Kurylin, Butenko, Benchak, and Eckhout (collectively, "individual Defendants"). *See id*. Plaintiff responds that the Court should deny the Motion because the FAC is not a shotgun pleading

and the FAC states a proper claim for individual liability for trademark infringement against the individual Defendants. *See* ECF No. [49]. Plaintiff seeks, in the alternative, leave to amend the FAC. *See id.* at 21-22.

## II.   LEGAL STANDARD

### a. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving

party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### b. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted)). Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

### III.    DISCUSSION

#### a.    Failure to State a Claim

The Court first addresses Defendants' argument that the FAC fails to state a claim for individual liability against the individual Defendants. Defendants argue, as they did in the previous Motion to Dismiss, that Plaintiff fails to allege that the individual Defendants "actively and knowingly caused the infringement." ECF No. [42] at 9 (quoting *Chanel, Inc. v. Italian Activewear*

5

*of Fla., Inc.*, 931 F.2d 1472, 1478 (11th Cir. 1991)). Defendants maintain that the FAC contains no factual allegations concerning the individual Defendants, which warrants dismissal of any claims of individual liability. *See id.* at 11 (citing *R & R Games, Inc. v. Fundex Games, Ltd*., No. 8:12-CV-01957-JDW, 2013 WL 3729309, at *9 (M.D. Fla. July 12, 2013)). According to Defendants, the newly added paragraphs, ECF No. [39] ¶¶ 32, 33, merely assert, in a conclusory fashion, that the individual Defendants directed or authorized Selfie Museum and Miami Selfie (collectively, "corporate Defendants") to take vague actions. *See* ECF No. [42] at 10-11.

Plaintiff responds that the FAC sufficiently alleges claims against the individual Defendants and Plaintiff is not required to make any further concrete allegations at the pleading stage. *See* ECF No. [49] at 16-21 (citing *Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338, 1352-55 (N.D. Ga. 2018); *Tanner v. Int'l Isocyanate Inst., Inc*., No. CV 05-PWG-2341-E, 2008 WL 11374393, at *19 (N.D. Ala. June 9, 2008); *Peters v. Amoco Oil Co.*, 57 F. Supp. 2d 1268, 1277 (M.D. Ala. 1999)). Plaintiff argues that paragraphs 24-26, 29-43 of the FAC allege facts regarding active and knowing infringement by the individual Defendants. *See id.* at 16. Further, Plaintiff appears to argue that because corporations can only act through the acts of natural persons and Plaintiff has alleged the corporate Defendants' infringing activities, Plaintiff need not allege anything more with regard to the individual Defendants. *See id.* at 12-13, 18-19. Lastly, Plaintiff argues that Defendants' reliance on *R & R Games*, 2013 WL 3729309, at *9, is unavailing because the FAC's general allegations, paragraphs 1-43, set forth sufficient allegations against the individual Defendants. *See* ECF No. [49] at 21.

The Court agrees with Defendants. As an initial matter, the Court reiterates that the Eleventh Circuit has held that

> [n]atural persons, as well as corporations, may be liable for trademark infringement under the Lanham Act. Because of its very nature a corporation can act only through

>individuals. Obviously . . . if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done. If an individual actively and knowingly caused the infringement, he is personally liable.

*Chanel*, 931 F.2d at 1477 (citations and internal quotation marks omitted). Further, in *Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.*, a court in this District, in addressing a motion to dismiss, held that "[t]o support an infringement claim against an individual, it is necessary that a complaint pleads that the individual 'actively and knowingly caused the infringement.'" No. 14-62216-CIV, 2015 WL 1526177, at *4 (S.D. Fla. Apr. 3, 2015) (quoting *Chanel,* 931 F.2d at 1477). Therefore, as this Court stated in its prior Order, to properly allege trademark infringement claims against the individual Defendants, Plaintiff must allege that the individual Defendants actively and knowingly caused the infringement. *See* ECF No. [38] at 10.[1]

Here, the allegations fail to allege the required elements for individual liability – namely, active and knowing infringement by the individual Defendants. The paragraphs cited by Plaintiff as purportedly alleging active and knowing involvement by the individual Defendants, ECF No. [39] ¶¶ 24-26, 29-43, are all conclusory statements. Other than alleging that the individual Defendants are officers or members of the corporate Defendants, Plaintiff provides no factual allegation that the individual Defendants actively and knowingly participated in the infringing activities, as opposed to other members or employees of the corporate Defendants. Thus, while the allegations suffice to assert a claim against the corporate Defendants, without more, the allegations do not satisfy the pleading requirements for individual liability.

---

[1] To the extent that the parties cite *R & R Games,* 2013 WL 3729309, at *9; *Amin*, 349 F. Supp. 3d at 1352-55, *Tanner*, 2008 WL 11374393, at *19, or *Peters.*, 57 F. Supp. 2d at 1277, the Court notes that they are non-binding cases, and the Court declines the parties' invitation to look to non-binding cases in light of binding precedent from the Eleventh Circuit and this District.

Further, as Defendants point out, most of the paragraphs Plaintiff cites are based "[u]pon information and belief" or are allegations that Plaintiff "is informed and believes" are true. *See* ECF No. [50] at 4-5. As the court stated in *Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc.*, although an "information and belief pleading can sometimes survive a motion to dismiss . . . where a plaintiff . . . alleges specific facts to support a claim, conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the plausibility standard." 522 F. Supp. 3d 1202, 1209 (S.D. Fla. 2021) (quoting *Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018)). Put differently, Plaintiff fails to provide any specific facts to support its allegations based on information and belief. As such, the conclusory allegations of active and knowing infringement upon information and belief fail to meet the pleading standard for individual liability. To the extent that Plaintiff refers to the Annual Reports for Selfie Museum and Miami Selfie in some of the allegations, *see* ECF Nos. [39-8], [39-9], the Court notes that neither Annual Report establishes the individual Defendants' knowing and active involvement and merely indicates that the individual Defendants were officers or members of the respective corporate Defendants.

Next, the Court is not persuaded by Plaintiff's argument that because corporations can only act through the acts of natural persons, Plaintiff need not allege anything more. The Court reiterates that the Eleventh Circuit has stated in no uncertain terms that merely because a corporation acts through its officers and employees does not mean that the officers and employees are automatically alleged to be individually liable. *Chanel*, 931 F.2d at 1477 ("Obviously . . . if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done. *If* an individual actively

and knowingly caused the infringement, [then] he is personally liable." (emphasis added)); *see also Living Color Enterprises*, 2015 WL 1526177, at *4.[2]

As a final note, Plaintiff relies on *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008), to argue that "the standard [to survive a motion to dismiss] 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." ECF No. [49] at 17. While the standard is applicable, Plaintiff fails to meet that standard because Plaintiff alleges no fact that raises a reasonable expectation that discovery will reveal evidence of active and knowing involvement of each individual Defendant. As noted above, other than alleging that the individual Defendants are officers or members of the corporate Defendants, Plaintiff provides no allegation that the individual Defendants actively and knowingly participated in the infringing activities, as opposed to other members or employees of the corporate Defendants. Plaintiff effectively requests that the Court allow the claims against individual Defendants to proceed based on Plaintiff's conjectures that the individual Defendants must have actively and knowingly participated in the infringing activities since the corporate Defendants are alleged to have done so. The Court is not persuaded.

As such, the FAC fails to allege the necessary elements for individual liability against the individual Defendants, and the Court dismisses Plaintiff's claims against the individual Defendants.

---

[2] In the Court's previous Order, the Court noted that paragraphs 24, 25, and 28 of the Complaint could potentially be construed as allegations that the individual Defendants were actively and knowingly involved in the infringing activity. *See* ECF No. [38] at 11. As stated above, the corresponding paragraphs are all conclusory and based upon information and belief without supporting factual allegations. *See* ECF No. [39] ¶¶ 24, 25, 29. As such, they do not properly allege active and knowing involvement of the individual Defendants.

Case 1:22-cv-20233-BB   Document 52   Entered on FLSD Docket 07/01/2022   Page 10 of 14

Case No. 22-cv-20233-BLOOM/Otazo-Reyes

b. **Shotgun Pleading**

Having dismissed the individual Defendants, the Court now turns to Defendants' argument that the FAC is still a shotgun pleading because it merely alleges identical allegations against each Defendant under new subheadings. *See* ECF No. [42] at 4. With regard to Count VII, Defendants claim that the allegations are unclear because they do not separate or distinguish Defendants and do not allow each Defendant to determine the claims made against it. *See id.* at 7-8. More specifically, Count VII asserts a claim against Selfie Museum by alleging the actions of all the individual Defendants. *See* ECF No. [39] ¶¶ 310-56. However, it is unclear how the actions of Butenko and Benchak, who are not members of Selfie Museum, form the basis for the claim against Selfie Museum. *See id.* at 7 (citing ECF No. [39] ¶ 315).[3]

Plaintiff responds that the allegations are separately directed to each Defendant. *See* ECF No. [49] at 7-9. Plaintiff also contends that Defendants' argument that the FAC is a shotgun pleading because the FAC repeats identical allegations is unpersuasive. The general allegations are repeated only to recite the necessary elements for the claims against each Defendant and the basic factual background that is common to all Defendants. *See id.* at 9. Also, Defendants are related and took certain actions together, thus resulting in similar repetitive allegations. *See id.* at 13. Plaintiff further submits that the FAC provides additional facts to describe the relationship among Defendants. *See id.* at 9. Regarding Count VII, Plaintiff states that Plaintiff made a "typographical error" in the paragraphs pertaining to Selfie Museum, that Plaintiff intended to omit Butenko and Benchak, but that the error does not warrant dismissal. *See id.* at 16 n.2. Lastly,

---

[3] Defendants also argue that the claims against each individual Defendant in Count VII reference the actions of other Defendants, making it unclear if and how the allegations against other Defendants provide the basis for the claim against each individual Defendant. *See id.* at 8 (citing ECF No. [39] ¶ 324 (asserting a claim against Kurylin yet alleging the actions of Kurylin, Butenko, Benchak, and Eckhout)). The argument is moot given that the Court has dismissed the individual Defendants.

Plaintiff points out that the FAC includes other amendments to address the Court's prior concerns. *See id.* at 8-9. For instance, while the Complaint indicated that all Defendants filed a Notice of Opposition to the Museum of Selfies Mark, the FAC now clarifies in paragraph 26 that "Plaintiff is informed and believes that Defendant Selfie Museum, under the active and knowing control of Defendants Kurylin, and Eckhout filed a Notice of Opposition to the Museum of Selfies Mark on or about January 12, 2022." ECF No. [39] ¶ 26.

The Court agrees with Plaintiff. First, Plaintiff appears to have addressed the concerns raised in the Court's prior Order. There, the Court noted that "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" was an impermissible shotgun pleading. *See* ECF No. [38] at 8 (citing *Merch. One, Inc.*, 2020 WL 248608, at *3 (quoting *Weiland*, 792 F.3d at 1321-23)). The FAC corrects this shortcoming by not adopting the allegations in the preceding counts. *See generally* ECF No. [39]. In addition, as Plaintiff correctly notes, paragraph 26 of the FAC corrects the shortcoming in paragraph 25 of the Complaint by clarifying that Selfie Museum, not all Defendants, filed a Notice of Opposition to the Museum of Selfies Mark. *Compare* ECF No. [39] ¶ 26 *with* ECF No. [1] ¶ 25. Next, the Court previously noted that in paragraph 28 of the Complaint, Plaintiff confusingly alleged that "Defendants" held art exhibitions using Plaintiff's Mark in various cities in the United States, making it unclear if all of the Defendants held art exhibitions in all of the cities, and if not, which of the Defendants held art exhibitions in which cities. *See* ECF No. [38] at 9 (citing ECF No. [1] ¶ 28). In the FAC, Plaintiff alleges that Selfie Museum, not all Defendants, held art exhibitions in the cities. *See* ECF No. [39] ¶ 29.[4]

---

[4] Defendants appear to argue that it is still unclear from paragraph 29 of the FAC whether Selfie Museum held art exhibitions in all of the cities or just some of the cities. *See* ECF No. [42] at 10. The Court notes

Second, with respect to Defendants' argument as to the lack of clarity in the allegations against each Defendant, the Court is not persuaded. Every Count, other than Count VIII which is asserted against only one Defendant, separates the claims asserted against each Defendant using subheadings. To the extent that the paragraphs contain similar or identical language, the Court notes that the language can be similar as long as the allegations pertain to each Defendant. Repetitive language alone does not render a complaint a shotgun pleading. *See Merch. One, Inc.*, 2020 WL 248608, at *3. The allegations in the FAC properly pertain to each Defendant and make clear the allegations to which each Defendant must respond.

Third, with respect to Count VII, Plaintiff concedes that it made a "typographical error" when alleging its claim against Selfie Museum, but argues that such an error does not warrant dismissal. ECF No. [49] at 16, n.2. The Court agrees. Plaintiff's Response makes clear that the claim against Selfie Museum in Count VII is alleged on the basis of Kurylin and Eckhout's actions, not those of Butenko and Benchak. *See id.*[5] To that extent, Plaintiff must correct its FAC regarding the allegations against Selfie Museum in Count VII.[6,7]

---

that the paragraph makes clear, and the Court can reasonably infer to the extent necessary, that Plaintiff alleges that Selfie Museum held art exhibitions in all of the cities. *See* ECF No. [39] ¶ 29.

[5] The FAC alleges that Benchak is a "co-founder of Defendant Selfie Museum, LLC." ECF No. [39] ¶ 5. However, Plaintiff appears to concede that Benchak has no active affiliation with Selfie Museum. *See* ECF No. [49] at 16 n.2. For the purposes of addressing this Motion, the Court reasonably infers in favor of Plaintiff, based on the Response, that Benchak did not maintain his affiliation with Selfie Museum after its founding and that Kurylin and Eckhout are the only individual Defendants who are alleged to have directed Selfie Museum's activities.

[6] The Court notes that Count VII is not alleged against Miami Selfie. *See* ECF No. [39] ¶¶ 310-56. Plaintiff does not argue that the omission was an oversight. *See generally* ECF No. [49]. As such, Plaintiff is not permitted to amend the FAC to assert a claim against Miami Selfie in Count VII.

[7] Defendants briefly argue that the FAC is also improper because a complaint must make clear whether the plaintiff is alleging a single or joint theory of liability. *See* ECF No. [42] at 8. However, the Court is unaware of, and Defendants fail to cite, any legal authority requiring a pleading to make clear whether the plaintiff is alleging a single or joint theory of liability. As such, Defendants' argument on this point is unavailing.

As such, the FAC gives fair notice to all corporate Defendants of the claims against them and the grounds upon which each claim rests. The Court denies Defendants' request to dismiss the FAC as a shotgun pleading.

### c. Partial Dismissal With Prejudice

As a final matter, Plaintiff argues, in the alternative, that the Court should grant Plaintiff leave to amend. *See* ECF No. [49] at 21-22. Defendants argue that the Court should deny the requested leave to amend. *See* ECF No. [50] at 7-8. As such, the Court considers whether Plaintiff should be granted another opportunity to amend its claims against the individual Defendants.

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Eleventh Circuit has held that courts may deny the plaintiff an opportunity to file another amended complaint if the previous amended complaint did not contain meritorious claims. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004). In this case, Defendants presented their arguments with respect to active and knowing involvement by the individual Defendants in the previous Motion to Dismiss, ECF No. [28] at 6-7, and Plaintiff had an opportunity to amend its pleadings to include additional allegations regarding active and knowing involvement by the individual Defendants. As discussed above, Plaintiff failed to correct its pleadings, and the Court determines that another opportunity to plead such allegations would be futile. As such, the Court dismisses Plaintiff's claims against the individual Defendants with prejudice and without leave to amend.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion, **ECF No. [42]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's claims against individual Defendants Oleksii Kurylin, Andrii Butenko, Igor Benchak, and Mary Eckhout in Plaintiff's First Amended Complaint, **ECF No. [39]**, are **DISMISSED WITH PREJUDICE**.

3. Plaintiff must file a Second Amended Complaint asserting claims against Defendants Miami Selfie, LLC and Selfie Museum, LLC only and correcting the confessed errors in Count VII by **July 5, 2022**.

4. Defendants Miami Selfie, LLC and Selfie Museum, LLC shall file an Answer to the Second Amended Complaint by no later than **July 15, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 30, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record